IN THE NORTHERN DISTRICT OF OKLAHOMA
UNITED STATES OF AMERICA

| | |
|---|---|
| (1) PHILIP SANDERS, an Individual, Husband and Personal Representative of the Estate of BRENDA JEAN SANDERS, Deceased,<br><br>Plaintiff,<br><br>v.<br><br>(1) CREEK COUNTY BOARD OF COUNTY COMMISSIONERS, AND (2) SHERIFF BRET BOWLING, in his official capacity as Creek County Sheriff, AND (3) TURN KEY HEALTH CLINICS, a limited liability company.<br><br>Defendants. | Case No. 17-cv-492-JHP-FHM<br><br>Attorney Lien Claimed<br>Jury Trial Demanded |

## COMPLAINT

**COMES NOW** Plaintiff Philip Sanders by and through counsel of record, Richardson Richardson Boudreaux PLLC, and hereby submits this Complaint against Defendants, and informs the Court as follows:

### NATURE OF ACTION

1. This is an action against government entities brought under 28 U.S.C. § 1331, as well as 28 U.S.C. § 1343, pursuant to claims arising under 42 U.S.C. § 1983, as well as state law claims. The amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00). Plaintiff is a resident of Creek County in the Northern District of Oklahoma. Defendant Creek County Board of County Commissioners is a government entity in Creek

1

County in the Northern District of Oklahoma. Defendant Turn Key Heath Clinics is a limited liability company doing business in the Creek County Jail located in Creek County in the Northern District of Oklahoma. This is a civil rights violation claim for: cruel and unusual punishment, wrongful death, negligence, and intentional infliction of emotional distress.

## PARTIES, JURISDICTION, AND VENUE

2. This Court has jurisdiction in this matter is based upon the existence of a federal question under 28 U.S.C. § 1331, as well as 28 U.S.C. § 1343, pursuant to claims arising under 42 U.S.C. § 1983, incorporating state law claims arising from the same transaction or occurrence. Additionally, the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00).

3. Plaintiff Philip Sanders (hereafter referred to as "Sanders"), at all times relevant to the claim(s) alleged herein, resided in Creek County, Oklahoma.

4. Decedent Brenda Sanders, at all times relevant to the claim(s) alleged herein, resided in Creek County, Oklahoma.

5. Defendant Creek County Board of County Commissioners (hereafter referred to as "CCBCC"), at all times relevant to the claim alleged herein, was and continues to be the governing body of Creek County responsible for the recruiting, employing, training, and granting of authority to law enforcement officers, under the auspices of the Creek County Sheriff's Office, to act under color of Oklahoma law, and further, is liable for the torts committed by its agents within the course and scope of their employment pursuant to the Oklahoma Governmental Tort Claims Act ("GTCA"), 51 O.S. § 151, *et seq*.

6. Defendant Turn Key Health Clinics (hereafter referred to as "Turn Key"), at all times relevant to the claims alleged herein, is a limited liability company doing business

in Creek County in the Northern District of the State of Oklahoma. Turn Key employees were contracted and employed in the Creek County Jail to provide medical care to inmates.

7. The events relevant to the claim(s) alleged herein occurred in Creek County at the Creek County Jail in the Northern District of the State of Oklahoma.

8. Bret Bowling was the lawfully elected Sheriff of Creek County (hereafter referred to as "CCSO") at all times relevant to the claims alleged herein.

9. Venue is appropriate in the United States District Court for the Northern District of Oklahoma under 28 U.S.C. § 1391(b) in that a substantial part of the events giving rise to the claims in this Complaint, occurred within the Northern District of Oklahoma.

10. Plaintiff Sanders provided timely notice of this GTCA to Creek County Board of County Commissioners on February 16, 2017 and it was duly received.

11. Plaintiff Sanders provided timely notice of this GTCA to the Court Clerk of Creek County on February 16, 2017 and it was duly received.

12. Plaintiff Sanders did not receive a response from Creek County Board of County Commissioners nor the Court Clerk of Creek County; as such, her GTCA claims were deemed denied by statute on or about May 16, 2017.

13. Plaintiff Sanders provided timely notice of this GTCA to Turn Key Health Clinics, LLC on March 6, 2017 and it was duly received.

14. Plaintiff Sanders provided timely notice of this GTCA to the Creek County Sheriff/Creek County Sheriff's Office on March 6, 2017 and it was duly received.

15. Plaintiff Sanders did not receive a response from the Creek County Sheriff/Creek County Sheriff's Office (nor Turn Key Health Clinics, LLC); as such, her GTCA claims were deemed denied by statute on or about June 6, 2017.

16. This matter was timely filed within one hundred eighty (180) days of the above-referenced denial of claim, as required under 51 O.S. § 157.

17. All administrative proceedings inherent with the statutes involved herein have been exhausted; as such, resort to judicial relief is proper and warranted.

## STATEMENT OF PERTINENT FACTS

18. Plaintiff Sanders hereby incorporates all the preceding paragraphs as though stated below verbatim.

19. On or about On October 17, 2016, at approximately 10:33 p.m., 56-year-old Brenda Jean Sanders (Decedent) was booked into the Creek County Justice Center and placed in the custody of Sheriff Bret Bowling for outstanding warrants.

20. While under the care and control of the Sheriff Bowling, his jail staff, and Turn Key medical personnel, Ms. Sanders' health dangerously deteriorated. Turn Key medical personnel and jail staff noted that she had been suffering from diarrhea and her mental state had been rapidly declining for at least two to three weeks. As her health obviously and swiftly deteriorated, jail staff and Turn Key medical personnel never provided Ms. Sanders with medical care, nor did they ever obtain her medical history.

21. On or about November 20th, 2016, a full 35 days after entering the Creek County Justice Center, Turn Key medical personnel and jail staff finally had Ms. Sanders transported to the hospital after she had become fully incapacitated and on the brink of death.

22. Upon arrival at Saint John Medical Center, doctors diagnosed her with severe sepsis with shock, acute hypoxic respiratory failure, acute kidney injury, hepatopathy, coagulopathy, anemia, and thrombocytopenia.

23. Ms. Sanders died from a combination of her illnesses on November 21st, 2016, the day after her admittance into the hospital.

24. The lack of medical care by Creek County Justice Center staff and medical personnel and their delay in transporting Ms. Sanders to a hospital caused and/or contributed to her death.

## FIRST CAUSE OF ACTION
### Cruel and Unusual Punishment
### 42 U.S.C. § 1983

25. Plaintiff incorporates the above paragraphs as though stated below verbatim.

26. The Decedent had a serious medical need and the failure to treat that need was caused and/or significantly contributed to her death.

27. The Defendants were responsible to provide the Decedent with reasonably adequate medical care by way of Oklahoma state and federal law.

28. The Defendants were deliberately indifferent to the Decedent's pain, dire physical condition, and her need for immediate medical treatment.

29. The Defendants were grossly negligent in their failure to provide reasonable adequate medical treatment to the Decedent at any time during the course of her incarceration.

30. The Defendants' gross negligence by way of their failure to provide Decedent with reasonably adequate medical care equates to Cruel and Unusual Punishment in violation of the Eighth Amendment of the United States Constitution.

31. The Defendants were acting under the color of state law when the Decedent's constitutional rights were violated.

32. The Decedent is entitled to a remedy in excess of Seventy-Five Thousand Dollars ($75,000.00) for the violations of her federally protected civil rights under § 1983 of Title 43 of the United States Code.

## SECOND CAUSE OF ACTION
### Wrongful Death

33. Plaintiff incorporates the above paragraphs as though stated below verbatim.

34. Defendants' actions and omissions were negligent, willful and/or reckless in nature.

35. Defendants negligently and recklessly failed to provide Decedent with medical treatment resulting in the deterioration of her physical health and her untimely death.

36. Defendant CCBCC and Sheriff Bret Bowing are vicariously liable for the actions and/or omissions of its employee / agent, Defendant Turn Key, as well as Sheriff Bowling's jail staff, as they were committed in the course and scope of employment.

37. Such reckless conduct by the Defendants resulted in the death of Decedent. Same rises to the level of Wrongful Death under the guidance of the laws of the State of Oklahoma, specifically, Okla. Stat. tit. 12 O.S. § 1053.

38. As a direct and proximate result of Defendants' negligent and/or reckless conduct, the Decedent died. Decedent's family has suffered grief; loss of the society, services, companionship, relationship to the family; pain and suffering of Decedent; all of her medical, funeral and burial expenses, and all other relief and damages recognized in Okla. Stat. tit. 12 § 1051, et seq. all in an amount in excess of excess of Seventy-Five Thousand Dollars ($75,000.00).

### THIRD CAUSE OF ACTION
### Negligence

39. Plaintiff incorporates the above paragraphs as though stated below verbatim.

40. Defendants had a duty to provide medical care and treatment to Plaintiff and breach that duty by unreasonably, recklessly, and negligently failing to render any aid to Plaintiff until she was dying.

41. The injuries and damages sustained by Decedent, and therefore by Plaintiff, were the foreseeable result of the Defendants' failure to render her any sort or medical treatment or to remove her to a medical facility which could provide such treatment.

42. Defendant CCBCC and Sheriff Bret Bowling are vicariously liable for the actions and/or omissions of its employee / agent, Defendant Turn Key, as well as Sheriff Bowling's jail staff, as they were committed in the course and scope of employment.

43. As a direct and proximate result of Defendants' conduct, Decedent and the Estate suffered serious personal injuries, other personal and financial damages, pain and suffering, and loss of enjoyment of life, making Defendants negligent, and liable to Plaintiff in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00).

### FOURTH CAUSE OF ACTION
### Intentional Infliction of Emotional Distress

44. Plaintiff incorporates the above paragraphs as though stated below verbatim.

45. The actions/omissions by the Defendants were outrageous, intentional, unreasonable, and malicious. Defendants not only undertook these actions/omissions with, at the very minimum, reckless disregard of the fact that it would certainly cause the Decedent to suffer severe emotional distress; the Defendants undertook these actions/omissions with the intent and purpose to cause that harm to Decedent because they did not want to exude the

7

time, money, or energy to provide an inmate with such a highly intensive level of medical care.

46. Defendant CCBCC and Sheriff Bret Bowling are vicariously liable for the actions and/or omissions of its employee / agent, Defendant Turn Key, as well as Sheriff Bowling's jail staff, as they were committed in the course and scope of employment.

47. As employees working at the Creek County jail, the Defendants were in a position of actual and apparent power over Decedent –an inmate – and abused that position for their own interests.

48. Defendants knew or should have known that Decedent was in need of medical care, due to her unrelenting physical illnesses and ailments – which were only getting worse – throughout the entire course of her incarceration.

49. As a proximate result of the actions/omissions by Defendants, Decedent suffered severe emotional distress in the form of fear, anxiety, worry, and indignity, and only worsened her physical state and mental wellbeing.

50. As a direct and proximate result of the Defendants' conduct, Decedent and the Plaintiff suffered serious personal harm, making Defendants liable to the Plaintiff in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00).

## Punitive Damages

51. Plaintiff hereby incorporates the preceding paragraphs in their entirety as though stated below verbatim.

52. The acts and omissions by Defendants as set forth in the preceding paragraphs in this Petition demonstrate that Defendants engaged in conduct and/or practices evincing malice and/or reckless indifference to Decedent's rights.

53. As a direct result of Defendants' malice and/or reckless disregard for her rights, Plaintiff is entitled to exemplary and punitive damages in an amount to be determined at trial commensurate with the financial resources available to Defendants and sufficient to deter others similarly situated from like behavior.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays the Court grant judgment in her favor against Defendants CCBCC, Sheriff Bret Bowling, and Turn Key for the cause of action alleged herein in an amount in excess of $75,000, exemplary and punitive damages, attorneys' fees, costs, pre-and-post judgment interest, and for such further relief as this Court deems just and proper.

Respectfully submitted,

*s/ Charles L. Richardson*
Charles L. Richardson, OBA No. 13388
Alisa G. Hopkins, OBA No. 31592
**Richardson Richardson Boudreaux PLLC**
7447 S. Lewis Ave.
Tulsa, OK 74136
(918) 492-7674 Phone
*Attorneys for Plaintiff*

## EXHIBIT "A"

STATE OF OKLAHOMA   )
                    )   ss.
COUNTY OF TULSA     )

1. I am an attorney for the Plaintiff in this matter.

2. On behalf of our client, I have consulted, and reviewed the facts of the claim, with a qualified Expert;

3. Plaintiff has received a written opinion from a qualified Expert that clearly identifies the Decedent and includes the determination of the Expert that, based upon a review of the available relevant material a reasonable interpretation of the facts supports a finding that the acts or omissions of Defendants constituted professional negligence; and,

4. On the basis of the review and consultation of the qualified Expert, the Plaintiff has concluded that the claim is meritorious and based on good cause.

FURTHER AFFIANT SAYETH NOT.

_____
Alisa G. Hopkins, OBA# 31592

Subscribed and sworn to before me this 11th day of August, 2017.

[SEAL]
STACY STARK
Notary Public in and for
STATE OF OKLAHOMA
Commission #11001356
Expires: February 15, 2019

Notary