IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1) PHILIP SANDERS, and Individual and Husband and Next of Kin of BRENDA JEAN SANDERS, deceased, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No.: 17-CV-492-JHP-FHM |
| (1) CREEK COUNTY BOARD OF COUNTY COMMISSIONERS, and (2) SHERIFF BRET BOWLING, in his official capacity as Creek County Sheriff, and (3) TURN KEY HEALTH CLINICS, a limited liability company, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**TURN KEY HEALTH CLINICS, LLC'S ANSWER
TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

COMES NOW Defendant Turn Key Health Clinics, LLC, (hereinafter "Defendant" or "Turn Key"), and for its Answer to Plaintiff's Second Amended Complaint states the following:

Defendant denies all allegations contained in Plaintiff's Second Amended Complaint unless such allegations are specifically admitted herein.

I.

With regard to Paragraph No. 1 of Plaintiff's Second Amended Complaint, Defendant admits that it is a limited liability company providing medical services at the Creek County Jail. Defendant is without sufficient information to admit or deny the remaining allegations contained in Paragraph No. 1 of Plaintiff's Second Amended Complaint; therefore, such allegations are denied at this time.

II.

With regard to Paragraph Nos. 2, 3, 4, and 5 of Plaintiff's Second Amended Complaint,

the allegations therein do not pertain to this Defendant; thus, no answer is called for.  If said allegations are intended to apply to this Defendant, Defendant states it is currently without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein; therefore, such allegations are denied at this time.

### III.

With regard to Paragraph No. 6 of Plaintiff's Second Amended Complaint, Defendant admits that it is a limited liability company contracted to provide medical staff and services at the Creek County Jail.  Defendant denies all remaining allegations contained in Paragraph No. 6 of Plaintiff's Second Amended Complaint.

### IV.

With regard to Paragraph No. 7 of Plaintiff's Second Amended Complaint, Defendant admits that it is a limited liability company providing medical services at the Creek County Jail. Defendant is without sufficient information to admit or deny the remaining allegations contained in Paragraph No. 7 of Plaintiff's Second Amended Complaint; therefore, such allegations are denied at this time.

### V.

With regard to Paragraph No. 8 of Plaintiff's Second Amended Complaint, the allegations therein do not pertain to this Defendant; thus, no answer is called for.  If said allegations are intended to apply to this Defendant, Defendant states it is currently without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein; therefore, such allegations are denied at this time.

### VI.

With regard to Paragraph No. 9 of Plaintiff's Second Amended Complaint, Defendant

admits that it is a limited liability company providing medical services at the Creek County Jail. Defendant is without sufficient information to admit or deny the remaining allegations contained in Paragraph No. 9 of Plaintiff's Second Amended Complaint; therefore, such allegations are denied at this time.

## VII.

With regard to Paragraph No. 10, 11, and 12 of Plaintiff's Second Amended Complaint, the allegations therein do not pertain to this Defendant; thus, no answer is called for.  If said allegations are intended to apply to this Defendant, Defendant states it is currently without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein; therefore, such allegations are denied at this time.

## VIII.

With regard to Paragraph No. 13 of Plaintiff's Second Amended Complaint, Defendant states it is currently without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein; therefore, such allegations are denied at this time.

## IX.

With regard to Paragraph No. 14 of Plaintiff's Second Amended Complaint, the allegations therein do not pertain to this Defendant; thus, no answer is called for.  If said allegations are intended to apply to this Defendant, Defendant states it is currently without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein; therefore, such allegations are denied at this time.

## X.

With regard to Paragraph Nos. 15, 16, and 17 of Plaintiff's Second Amended Complaint, Defendant states it is currently without sufficient knowledge or information to form a belief as to

the truth of the allegations contained therein; therefore, such allegations are denied at this time.

## XI.

With regard to Paragraph No. 18 of Plaintiff's Second Amended Complaint, Defendant reiterates and reincorporates its responses and answers to Paragraph Nos. 1 through 17 of Plaintiff's Second Amended Complaint.

## XII.

With regard to Paragraph No. 19 of Plaintiff's Second Amended Complaint, the allegations therein do not pertain to this Defendant; thus, no answer is called for.  If said allegations are intended to apply to this Defendant, Defendant states it is currently without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein; therefore, such allegations are denied at this time.

## XIII.

With regard to Paragraph Nos. 20 and 21 of Plaintiff's Second Amended Complaint, Defendant generally and specifically denies the allegations contained therein.  Defendant denies that it was in any way negligent or deliberately indifferent to Decedent's medical needs. Defendant further denies that Decedent suffered any harm or injury from the care and treatment provided to her by the Defendant or its employees during Decedent's time in the Creek County Jail.  Rather, Defendant states that the care and treatment of Decedent was at all times and in every manner proper, within the applicable standards of care, and not deliberately indifferent. Therefore, Defendant denies all allegations contained in Paragraph Nos. 20 and 21 of Plaintiff's Second Amended Complaint.

## XIV.

With regard to Paragraph Nos. 22 and 23 of Plaintiff's Second Amended Complaint, the

allegations therein do not pertain to the Defendant; thus no answer is called for.  If said allegations are intended to apply to this Defendant, Defendant denies it was deliberately indifferent or negligent in any manner or at any time in the care and treatment of Decedent. Defendant further denies that Decedent suffered any harm or injury from the care and treatment provided to him by Defendant or its employees during Decedent's time in the Creek County Jail. Rather, Defendant states that the care and treatment of Decedent was at all times and in every manner proper, within the applicable standards of care, and not deliberately indifferent. Therefore, to the extent the allegations contained in Paragraph Nos. 22 and 23 of Plaintiff's Second Amended Complaint pertain to this Defendant, Defendant denies all allegations contained therein.

XV.

With regard to Paragraph No. 24 of Plaintiff's Second Amended Complaint, Defendant generally and specifically denies the allegations contained therein.  Defendant denies that it was in any way negligent or deliberately indifferent to Decedent's medical needs.  Defendant further denies that Decedent suffered any harm or injury from the care and treatment provided to her by the Defendant or its employees during Decedent's time in the Creek County Jail.  Rather, Defendant states that the care and treatment of Decedent was at all times and in every manner proper, within the applicable standards of care, and not deliberately indifferent.  Therefore, Defendant denies all allegations contained in Paragraph No. 24 of Plaintiff's Second Amended Complaint.

XVI.

With regard to Paragraph No. 25 of Plaintiff's Second Amended Complaint, Defendant reiterates and reincorporates its responses and answers to Paragraph Nos. 1 through 24 of

5

Plaintiff's Second Amended Complaint.

## XVII.

With regard to Paragraph No. 26 of Plaintiff's Second Amended Complaint, Defendant denies all allegations.  Defendant denies it was deliberately indifferent or negligent in any manner or at any time in the care and treatment of Decedent.  Defendant further denies that Decedent suffered any harm or injury from the care and treatment provided to him by Defendant or its employees during Decedent's time in the Creek County Jail.  Rather, Defendant states that the care and treatment of Decedent was at all times and in every manner proper, within the applicable standards of care, and not deliberately indifferent.  Therefore, to the extent the allegations contained in Paragraph No. 26 of Plaintiff's Second Amended Complaint pertain to this Defendant, Defendant denies all allegations contained therein.

## XVIII.

With regard to Paragraph Nos. 27, 28, 29, 30, 31, 32, 33, and 34 of Plaintiff's Second Amended Complaint, Defendant generally and specifically denies the allegations contained therein.  Defendant denies that it was in any way negligent or deliberately indifferent to Decedent's medical needs.  Defendant further denies that Decedent suffered any harm or injury from the care and treatment provided to her by the Defendant or its employees during Decedent's time in the Creek County Jail.  Rather, Defendant states that the care and treatment of Decedent was at all times and in every manner proper, within the applicable standards of care, and not deliberately indifferent.  Therefore, Defendant denies all allegations contained in Paragraph Nos. 27, 28, 29, 30, 31, 32, 33, and 34 of Plaintiff's Second Amended Complaint.

## XIX.

With regard to Paragraph No. 35 of Plaintiff's Second Amended Complaint, Defendant

6

reiterates and reincorporates its responses and answers to Paragraph Nos. 1 through 34 of Plaintiff's Second Amended Complaint.

## XX.

With regard to Paragraph Nos. 36, 37, 38, 39, and 40 of Plaintiff's Second Amended Complaint, Defendant generally and specifically denies the allegations contained therein. Defendant denies that it was in any way negligent or deliberately indifferent to Decedent's medical needs. Defendant further denies that Decedent suffered any harm or injury from the care and treatment provided to her by the Defendant or its employees during Decedent's time in the Creek County Jail. Rather, Defendant states that the care and treatment of Decedent was at all times and in every manner proper, within the applicable standards of care, and not deliberately indifferent. Therefore, Defendant denies all allegations contained in Paragraph Nos. 36, 37, 38, 39, and 40 of Plaintiff's Second Amended Complaint.

## XXI.

With regard to Paragraph No. 41 of Plaintiff's Second Amended Complaint, Defendant reiterates and reincorporates its responses and answers to Paragraph Nos. 1 through 40 of Plaintiff's Second Amended Complaint.

## XXII.

With regard to Paragraph Nos. 42, 43, 44, and 45 of Plaintiff's Second Amended Complaint, Defendant generally and specifically denies the allegations contained therein. Defendant denies that it was in any way negligent or deliberately indifferent to Decedent's medical needs. Defendant further denies that Decedent suffered any harm or injury from the care and treatment provided to her by the Defendant or its employees during Decedent's time in the Creek County Jail. Rather, Defendant states that the care and treatment of Decedent was at all

times and in every manner proper, within the applicable standards of care, and not deliberately indifferent.  Therefore, Defendant denies all allegations contained in Paragraph Nos. 42, 43, 44, and 45 of Plaintiff's Second Amended Complaint.

## XXIII.

With regard to Paragraph No. 46 of Plaintiff's Second Amended Complaint, Defendant reiterates and reincorporates its responses and answers to Paragraph Nos. 1 through 45 of Plaintiff's Second Amended Complaint.

## XXIV.

With regard to Paragraph Nos. 47, 48, 49, 50, 51, and 52 of Plaintiff's Second Amended Complaint, Defendant generally and specifically denies the allegations contained therein. Defendant denies that it was in any way negligent or deliberately indifferent to Decedent's medical needs.  Defendant further denies that Decedent suffered any harm or injury from the care and treatment provided to her by the Defendant or its employees during Decedent's time in the Creek County Jail.  Rather, Defendant states that the care and treatment of Decedent was at all times and in every manner proper, within the applicable standards of care, and not deliberately indifferent.  Therefore, Defendant denies all allegations contained in Paragraph Nos. 47, 48, 49, 50, 51, and 52 of Plaintiff's Second Amended Complaint.

## XXV.

With regard to Paragraph No. 53 of Plaintiff's Second Amended Complaint, Defendant reiterates and reincorporates its responses and answers to Paragraph Nos. 1 through 52 of Plaintiff's Second Amended Complaint.

## XXVI.

With regard to Paragraph Nos. 54 and 55 of Plaintiff's Second Amended Complaint,

Defendant generally and specifically denies the allegations contained therein. Defendant denies that it was in any way negligent or deliberately indifferent to Decedent's medical needs. Defendant further denies that Decedent suffered any harm or injury from the care and treatment provided to her by the Defendant or its employees during Decedent's time in the Creek County Jail. Rather, Defendant states that the care and treatment of Decedent was at all times and in every manner proper, within the applicable standards of care, and not deliberately indifferent. Therefore, Defendant denies all allegations contained in Paragraph Nos. 54 and 55 of Plaintiff's Second Amended Complaint.

XXVII.

With regard to the "WHEREFORE" Paragraph of Plaintiff's Second Amended Complaint, Defendant denies all allegations contained therein.

**AFFIRMATIVE DEFENSES**

For its Affirmative Defenses, Defendant alleges and states as follows:

XXVIII.

Plaintiff's Second Amended Complaint fails to state a claim against this Defendant on any ground upon which relief can be granted.

XXIX.

This Defendant did not violate any of Plaintiff or Decedent's constitutional or statutory rights during its care and treatment of Decedent at the Creek County Jail.

XXX.

Defendant's actions were at all times compliant with state and federal law.

XXXI.

Plaintiff and/or Decedent have failed to show any actual injury resulting from the alleged

9

violations contained in Plaintiff's Complaint.

## XXXII.

Plaintiff and/or Decedent failed to mitigate damages.

## XXXIII.

Defendant did not create, cause, implement or enforce a policy or custom or practice which was the moving force behind any of the Plaintiff and/or Decedent's alleged injuries.

## XXXIV.

Punitive damages have not been properly pled and are inapplicable.  Additionally, the imposition of punitive damages against this Defendant would be improper, unconstitutional and would violate the rights of this Defendant under the United States Constitution and the Oklahoma Constitution.

## XXXV.

Any damages allegedly suffered by the Plaintiff and/or Decedent were caused by the voluntary assumption of the risk by the Decedent.

## XXXVI.

Any damages allegedly suffered by the Plaintiff and/or Decedent were caused or contributed to by Decedent's own acts, conduct or negligence.

## XXXVII.

Any damages allegedly suffered by the Plaintiff and/or Decedent were caused by the acts of a person or persons other than this Defendant or its agents or employees, over whom this Defendant exercises no control or supervision.

## XXXVIII.

Any damages allegedly suffered by the Plaintiff and/or Decedent were caused by

intervening or supervening causes for which this Defendant is not responsible.

## XXXIX.

Any damages allegedly suffered by the Plaintiff and/or Decedent were the result of unforeseeable or unavoidable complications due to the underlying conditions of Decedent, for which this Defendant is not responsible.

## XL.

Any damages allegedly suffered by the Plaintiff and/or Decedent were caused by a pre-existing or post-developing, unrelated medical condition, disease, illness, or infection of the Decedent for which this Defendant is not responsible.

## XLI.

Defendant generally and specifically adopts any and all affirmative defenses available under the United States Constitution, the Oklahoma Constitution, common law, or statutory law (including but not limited to those identified herein and under FRCP Rules 8 and 12).

## XLII.

Defendant denies any agency, employee, *respondeat superior* or similar claims contained in Plaintiff's Complaint.

## XLIII.

Lack of jurisdiction over this Defendant (personal and subject matter).

## XLIV.

Insufficient process and service of process.

## XLV.

Plaintiff has sued an improper party.

## XLVI.

Lack of proper venue.

## XLVII.

Plaintiff lacks capacity to sue.

## XLVIII.

Any action by the Plaintiff against this Defendant is barred by the application of the statute of limitation(s).

## XLIX.

Release.

## L.

Waiver.

## LI.

Laches.

## LII.

Setoff.

## LIII.

Contribution.

## LIV.

This Defendant did not breach any legal duty to the Plaintiff and/or Decedent.

## LV.

Plaintiff is not entitled to compensatory or injunctive relief.

## LVI.

Plaintiff lacks standing to pursue injunctive relief.

## LVII.

To the extent that any health care provider bills or portions of bills are still owed or are written off, such amounts should be setoff, offset and/or credited against any claim for past medical care.

## LVIII.

Defendant is entitled to a credit or setoff for those medical and health care service expenses which Plaintiff is claiming, to the extent of any governmentally mandated reduction in charges, as a result of Medicare, Medicaid and/or any other government funded program.

## LIX.

Medical bills shall be limited to the amount paid, not the amount billed. 12 O.S. § 3009.1.

## LX.

Defendant invokes all defenses, relief, and damages caps afforded by statute, including, but not limited to, those found in, 12 O.S. § 19.1, 23 O.S. §§ 9.1, 61, and 61.2, et seq., and 63 O.S. § 1-1708.1, et seq.

## LXI.

Defendant invokes all defenses, relief, and damages caps afforded by statute, including, but not limited to, those found in the Prison Litigation Reform Act, 42 U.S.C. § 1997.

## LXII.

Defendant reserves the right to amend this Answer and to raise additional affirmative defenses pending the completion of discovery and submission of the Pretrial Order.

## LXIII.

Defendant demands a jury trial.

WHEREFORE, having answered, Defendant Turn Key Health Clinics, LLC, respectfully

requests Plaintiff take nothing by reason of his Second Amended Complaint, and that it be dismissed herein, with expenses, costs, and other such relief as the Court deems just and proper.

Respectfully submitted,


*/s/ Morgan E. Burch*_____
SEAN P. SNIDER, OBA # 22307
ALEXANDRA G. AH LOY, OBA # 31210
MORGAN E. BURCH, OBA # 32404
JOHNSON HANAN VOSLER
HAWTHORNE AND SNIDER
9801 N. Broadway Extension
Oklahoma City, OK 73114
Telephone: (405) 232-6100
Facsimile: (405) 232-6105
E-Mail: ssnider@johnsonhanan.com
E-Mail: aahloy@johnsonhanan.com
E-Mail: mburch@johnsonhanan.com
*Attorney for Defendants Turn Key Health,*
*LLC.*


## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of August, 2018, I electronically transmitted the attached document to the Clerk of Court using the ECF System for Filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Charles L. Richardson
Alisa G. Hopkins


*/s/ Morgan E. Burch*_____
Morgan E. Burch

14