IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

PHILLIP SANDERS, an individual, husband, and Personal Representative of the Estate of BRENDA JEAN SANDERS, deceased,

    Plaintiff,

vs.

TURN KEY HEALTH CLINICS, LLC,

    Defendant.

Case No. 17-CV-492-JED-FHM

## OPINION AND ORDER

Defendant Turn Key Health Clinics, LLC,'s Motion for Protective Order [Dkt. 78] has been fully briefed, [Dkt. 78, 79, 80], and is before the court for decision.

Defendant (Turn Key) is the health care provider for the Creek County Jail where Mrs. Sanders was incarcerated from October 17, 2016 to November 21, 2016. She was transferred to the hospital where she died. Plaintiff has sued Turn Key under 42 U.S.C. § 1983, alleging deliberate indifference to the medical needs of Mrs. Sanders.

Plaintiff has served a deposition notice under Fed.R.Civ.P. 30(b)(6). Plaintiff requests Turn Key to name a corporate representative to testify about a list of topics. Turn Key objects to the breadth of the topics and seeks the entry of a protective order to relieve it of the burden of preparing a witness to testify about some of the topics. The Motion for Protective Order is granted in part as set out herein.

**Topic No. 1**

> Testify to profits and losses of Defendant from 2014 to present. [Dkt. 78-10, p.7].

Defendant argues that the topic is overly broad, not properly limited in time, and is not relevant to any matter at issue. Plaintiff responds that the topic is relevant because Plaintiff believes the financial information can show deliberate indifference and intentional malice toward the decedent in that not seeking earlier medical care for her affected Turn Key's profits.

The court is not persuaded that Turn Key's profit or loss is relevant to the question of whether the medical care provided to Mrs. Sanders was appropriate or any other matter at issue. Even if Turn Key's motive to make a profit were relevant, Plaintiff can establish Turn Key's profit motive without discovery into the actual numbers. The Motion for Protective Order is granted as to topic 1.

**Topic No. 2**

> Testify to how medical expenses and reimbursements are handled. [Dkt. 78-10, p.7].

Defendant argues that the topic is overly broad as it asks about Turn Key in general and not specifically about the Creek County Jail. Defendant further argues that the manner of handling expenses and reimbursements is not sufficient to prove deliberate indifference, citing *Sherman v. Klenke*, 653 Fed.Appx. 580, 592-93 (10th Cir. 2016). The court finds that the holding in *Sherman* does not necessarily render the topic wholly irrelevant.

The court finds that the topic is relevant for discovery purposes but that questioning is properly limited to how expenses and reimbursements were handled at the Creek County

Jail under the contract in effect in 2016. The Motion for Protective Order is granted in part as to this topic.

### Topic No. 3

> Testify to complaints of medical negligence, medical malpractice, or other misconduct against Turn Key since 2014 to present. [Dkt. 78-10, p.7].

### Topic No. 17, as amended by Plaintiff

> "any complaints made by inmates about Turn Key at Creek County Jail since July 2014." [Dkt. 79, p. 12].

The time frame for both topics is inappropriately long and the topic "any complaints" is facially overbroad. Testimony about these topics is limited to written complaints of medical negligence or medical malpractice at the Creek County Jail for years 2015 and 2016. The Motion for Protective Order is granted in part as to these topics.

### Topic No. 4

> Testify to the number of inmates under the care of Turn Key staff that either died at the facility or after being transported to a subsequent health care provider from 2014 to present. [Dkt. 78-10, p.7].

The court finds that this topic is appropriately limited to the Creek County Jail from 2015 and 2016. The Motion for Protective Order is granted in part as to this topic.

### Topic No. 5

> Testify to the Turn Key Creek County Contract in effect at the time of Mrs. Sanders' death, to include the responsibilities of Turn Key Staff, policy and procedures during the same time period and whether any Turn Key employee failed to follow policies and procedures. [Dkt. 78-10, p. 7].

Defendant states the only objectionable portion of the inquiry is the request to provide testimony as to whether any Turn Key employee failed to follow policies and procedures. [Dkt. 80, p. 3]. Defendant objects to what it characterizes as Plaintiff's attempt to make the corporate representative an expert witness.

The court finds that questions about whether policies and procedures were followed by Turn Key employees regarding Mrs. Sanders is a proper area of inquiry for a corporate representative. However, inquiry in this area is limited to questions about the adherence to Turn Key policies and procedures at the Creek County Jail and may not stray into questions about the level or appropriateness of medical care provided. The Motion for Protective Order is denied as to this topic.

### Topic No. 6

Based on the representations contained in the parties' briefing, this topic is moot.

### Topic No. 7

> Testify to the number of staff employed by Turn Key at the Creek County Jail since 2014, their positions, job responsibilities, dates of employment, and reasons for leaving/termination. [Dkt. 78-10, p.7].

This topic asks for testimony as to the number of staff, not identification of individuals. The court is not persuaded that the reasons for leaving or termination of employment is relevant. Nor is the court persuaded that the time frame since 2014 is appropriate, considering the issues in this case. Testimony on this topic is limited to the number, positions, job responsibilities, and dates of employment for staff during 2016. The Motion for Protective Order is granted in part as to this topic.

### Topic No. 8

> Testify to any and all lawsuits filed against Turn Key since 2012 involving treatment or failure to provide treatment to an inmate. This should include the case name, court filed, injury alleged, resolution of the matter, allegations, defenses, and the name of the attorney representing the Plaintiff. [Dkt. 79-10, pp. 7-8].

The court finds that it is not burdensome for Turn Key to respond to this topic as to court, case name, and case number limited to the years 2015 and 2016. That information will enable Plaintiff to obtain the rest of the information sought in this topic. The Motion for Protective Order is granted in part as to this topic.

### Topic No. 9

> Testify to current financial condition of Turn Key.

The Motion for Protective Order is granted as to this topic. The court is not persuaded that this topic is relevant.

### Topic No. 10

> Testify to the diagnosis, treatment, tests, observations, and care of Mrs. Sanders during her incarceration at Creek County Jail. [Dkt. 78-10, p.8].

Plaintiff has been provided with the medical records and has the ability to depose the people involved in Mrs. Sanders' care. The court is not persuaded that deposing a corporate representative about the content of the medical records is an appropriate use of the 30(b)(6) deposition. The Motion for Protective Order is granted as to this topic.

### Topic No. 13

> Testify to any complaints by Turn Key staff regarding conduct and/or communications with Creek County Jail Staff/Creek

> County Sheriff's Department and/or Creek County Commissioners. [Dkt. 78-10, p.8]

### Topic No. 14

> Testify to any complaints by Creek County employees regarding conduct and/or communications with Turn Key. [Dkt. 78-10, p.8]

The court finds that these topics are overbroad and of no relevance to the matters at issue. The Motion for Protective Order is granted as to these topics.

### Topic No. 15

> Testify as to communications between Creek County and Turn key regarding the treatment or lack of treatment of Mrs. Sanders or her death. [Dkt. 78-10, p.8]

The information sought pertains directly to the matters at issue in this lawsuit. The court finds that the topic is appropriately limited to written communications, including email, about Mrs. Sanders. The Motion for Protective Order is granted in part as to this topic.

### Topic No. 16

> Testify to all policies and procedures of Turn Key and whether those policies and procedures were properly followed during the time of Mrs. Sanders' incarceration. [Dkt. 78-10, p.8].

This topic is redundant of Topic No. 5. The same rationale applies to this topic and no inquiry will be permitted into the appropriateness of the medical care provided. To the extent this topic addresses <u>all</u> policies and procedures of Turn Key without limitation as to location, the topic is overly broad and irrelevant. Inquiry is limited to policies and procedures in effect at the Creek County Jail during Mrs. Sanders' incarceration. The Motion for Protective Order is granted in part as to this topic.

## Conclusion

Defendant Turn Key Health Clinics, LLC,'s Motion for Protective Order, [Dkt. 78], is GRANTED in part as set out herein.

SO ORDERED this 16th day of July, 2020.

*Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE