IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1) PHILIP SANDERS, an Individual and Husband and Next of Kin of BRENDA JEAN SANDERS, Deceased, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. CIV-17-492-JED-FHM |
| (2) TURN KEY HEALTH CLINICS, a limited liability company, | ) ) ) | |
| Defendant. | ) ) | |

**CREEK COUNTY SHERIFF'S SUR-REPLY TO PLAINTIFF'S
MOTION TO COMPEL SUBPOENA DUCES TECUM ISSUED ON JULY 24, 2020**

Respectfully submitted,

s/ Ambre C. Gooch
Ambre C. Gooch, OBA # 16586
COLLINS, ZORN, & WAGNER, P.C.
429 N.E. 50th Street, Second Floor
Oklahoma City, OK  73105-1815
Telephone: (405) 524-2070
Facsimile: (405) 524-2078
E-mail: acg@czwlaw.com

ATTORNEY FOR CREEK COUNTY
SHERIFF BRET BOWLING

October 5, 2020

# TABLE OF CONTENTS

TABLE OF CONTENTS ........................................................................................................ ii

TABLE OF AUTHORITIES ............................................................................................... iii

LIST OF ATTACHMENTS ................................................................................................ iii

STATEMENT OF THE CASE .............................................................................................. 1

1.   Plaintiff's request for an Order compelling the Sheriff to 1) "find out
     how inmate complaints were stored" and 2) "how emails were
     retained during and around" Decedent's incarceration ................................. 2

2.   Complaints about Turn Key ............................................................................... 3

3.   SOMS end user searches the Sheriff has done .................................................. 4

4.   Plaintiff's request for an Order compelling the Sheriff to "complete
     programmer and end user searches" of certain terms ...................................... 5

5.   Disciplinary documents on Turn Key .................................................................. 6

6.   Communications between Turn Key and CCSO .................................................. 6

7.   The Sheriff has not obstructed ............................................................................. 7

CONCLUSION ...................................................................................................................... 7

CERTIFICATE OF SERVICE ............................................................................................. 9

## TABLE OF AUTHORITIES

**Cases**

*Bush v. Creek County, et al.*........................................................................................................5, 6

## LIST OF ATTACHMENTS

Ex. 11 - Declaration of Cody Smith

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1) PHILIP SANDERS, an Individual and Husband and Next of Kin of BRENDA JEAN SANDERS, Deceased, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. CIV-17-492-JED-FHM |
| (2) TURN KEY HEALTH CLINICS, a limited liability company, | ) ) ) | |
| Defendant. | ) ) | |

**CREEK COUNTY SHERIFF'S SUR-REPLY TO PLAINTIFF'S MOTION
TO COMPEL SUBPOENA DUCES TECUM ISSUED ON JULY 24, 2020**

Pursuant to the Court's Order at Doc. 125, the Creek County Sheriff submits this Sur-Reply to Plaintiff's "Reply to Creek County Sheriff's Response to Plaintiff's Motion to Compel Documents from the Creek County Jail" (Doc. 120), which ultimately relates to Plaintiff's Motion to Compel filed at Doc. 112.

On August 26, 2020, Plaintiff filed a Motion to Compel the Sheriff's Office Comply with a July 24, 2020 Subpoena Duces Tecum in which Plaintiff asked the Court to order the Sheriff's Office to produce documents sought in Plaintiff's July 24, 2020 Subpoena Duces Tecum AND to order the Sheriff to conduct a programmer search and an end user search for key terms[1] (Doc. 112 at p. 7). On September 16, 2020, the Sheriff timely filed his Response and Objection to Plaintiff's Motion to Compel (Doc. 118). On September 25, 2020, Plaintiff filed a Reply (Doc. 120) in which he asked for different relief than what he asked for in his Motion because in her Reply. In his Reply, he asked the Court order the Sheriff to: 1) "find out how inmate complaints were actually stored instead of relying on possibilities;" 2) "find out how emails were actually

---

[1] Notably, July 24, 2020 Plaintiff's Subpoena Duces Tecum did not request the Sheriff's Office conduct a programmer search or an end user search.

retained during and around Brenda Sanders (sic) incarceration;" 3) "complete programmer and end-user searches of" certain identified terms; and 4) "complete programmer and end-user searches limited in time from October 2016 through February 2017 of" certain identified terms.

Plaintiff did not request any of these four things in his July 24, 2020 Subpoena Duces Tecum to the Sheriff. Plaintiff did not request items 1 and 2 of these things in his Motion to Compel, and they are not appropriate things to seek from a non-party via Subpoena Duces Tecum in the first place.  The Sheriff cannot do a "programmer" search as requested in items 3 and 4, and the Sheriff's Office has already done an "end user" search.

1.    **Plaintiff's request for an Order compelling the Sheriff to 1) "find out how inmate complaints were stored" and 2) "how emails were retained during and around" Decedent's incarceration.**

First, Plaintiff's request for an Order compelling the Sheriff to "find out how inmate complaints were stored" and "find out how emails were retained" is not a proper request of a non-party via subpoena duces tecum.  A subpoena duces tecum is intended to direct production of documents, not answers to questions for information, which is what Plaintiff is seeking here. If Plaintiff wants answers to questions for information, she should ask the Sheriff (or someone who knows) in a deposition (because she cannot issue written interrogatories to a non-party).

Second, there is no one employed at the Sheriff's Office/Jail now who knows how the Sheriff's Office/Jail maintained and/or retained emails and/or inmate complaints during Decedent's incarceration, and Plaintiff knows this-this was explained in the Sheriff's Response (Doc. 118). The Sheriff, Undersheriff, and Jail Administrator are the individuals who comprise "management" of the Jail and are the persons who would (or should) know how the Sheriff's Office/Jail maintained and/or retained emails and/or inmate complaints during Decedent's incarceration. However, the Sheriff, Undersheriff, and Jail Administrator in office today are not

2

the same persons who held these positions during Decedent's incarceration.   There was a complete change of management at the Jail in January 2017 when the current Sheriff Bret Bowling took office.   There is literally no one employed at the Jail today who knows, with certainty, how the Sheriff's Office/ Jail maintained and/or retained emails and/or inmate complaints during Decedent's incarceration.

The Sheriff also explained in his Response that the current Jail Administrator Cody Smith was employed at the Jail during Decedent's incarceration, in a non-management role, and the Sheriff explained in his Response what Smith's belief is regarding the Jail's maintenance of inmate complaints (Doc. 118 at pp. 4-8).   This is the best the Sheriff can do under the circumstances.

If this Court orders the Sheriff to "find out how inmate complaints were stored" and "find out how emails were retained" during Decedent's incarceration, the only way the Sheriff can "find this out" is to contact his predecessor Sheriff John Davis (whom Bowling beat out for election in August 2016 in a highly contentious election), or Davis's Undersheriff Don Turner, or Davis's Jail Administrator Kelly Birch, and ask them, none of who are presently employed at the jail, and this is not a reasonable request to make of Sheriff Bowling.   Notably, Plaintiff has scheduled the depositions of John Davis and Kelly Birch for October 30, 2020. Plaintiff can ask them during their depositions how inmate complaints were stored" and "find out how emails were retained" during Decedent's incarceration.

**2.      Complaints about Turn Key.**

Topics 1-3 of Plaintiff's July 24, 2020 Subpoena Duces Tecum seek complaints about Turn Key or certain Turn Key staff.   In Plaintiff's Reply (Doc. 120 at p. 4), Plaintiff alleges "complaints may have been documented….in CCSO's software database."   Plaintiff provides no

support for this assertion. Regardless, Plaintiff completely ignores the Sheriff's explanation in his Response that SOMS is the inmate management/incident reporting system used at the Creek County Jail-*it does not contain inmate grievances*. See (Doc. 118 at p. 18).

In her Reply at p. 4, Plaintiff argues that the Sheriff has limited his search re Topics 1-3 to "inmate complaints" only, but that is not what the Sheriff did. The Sheriff explained in his Response that he provided an identification of all known, Notices of Tort Claims and lawsuits filed in the years 2015 and 2016 which make allegations against Turn Key or its employees. The Sheriff also explained in his Response that it is theoretically possible that an inmate in the Jail submitted an inmate grievance about Turn Key or Turn Key employees (these are the various subjects of Topics 1-3 of Plaintiff's July 24, 2020 Subpoena Duces Tecum), but for the reasons set out in the Sheriff's Response (Doc. 118), the Sheriff objected to searching inmate files. In other words, the Sheriff did not limit his response to Topics 1-3 of Plaintiff's July 24, 2020 Subpoena Duces Tecum to only inmate complaints.

**3.       SOMS end user searches the Sheriff has done.**

Attached to this Sur-Reply as Exhibit 11 is a Declaration signed by the Jail Administrator Cody Smith dated September 10, 2020. This should have been attached as Exhibit 5 to the Sheriff's Response (Doc. 118). What is attached as Exhibit 5 to the Sheriff's Response is a Declaration of Smith dated September 4, 2020, but it is incomplete. Paragraphs 8 and 9 to Smith's September 10, 2020 Declaration (attached as Exhibit 1) make his September 4, 2020 Declaration complete. Paragraphs 8 and 9 read:

> 8.       SOMS is the inmate management/incident reporting system used at the Creek County Jail. This is an electronic/digital program. Turn Key employees are not able to create reports in SOMS. I have run a narrative key word search in SOMS for the following terms:  Nicholas Groom, Tamara Jackson, Lela Goatley, Kerri Ferris, and Cheryl Green and no reports were identified.

4

9.      I have also run a narrative key word search in SOMS for Brenda Sanders and only two incident reports were identified: Incident Numbers 1601709 and 1601711.

The undersigned apologizes to the Court for this confusion. The undersigned only realized that Smith's incomplete Declaration was attached to the Sheriff's Response (Doc. 118) when she was working on the Sheriff's Sur-Reply.

Smith's September 10, 2020 Declaration (Exhibit 1 attached) shows that SOMS is an inmate management/incident reporting system (i.e., it does not contain inmate grievances or disciplinary records) and that the Sheriff had already done searches for the following terms: Brenda Sanders, Nicholas Groom, Tamara Jackson, Lela Goatley, Kerri Ferris, and Cheryl Green.  Of these, only two reports were identified, and they were both for Brenda Sanders (which were produced many months ago).

**4.      Plaintiff's request for an Order compelling the Sheriff to "complete programmer and end user searches" of certain terms.**

The searches identified in Smith's September 10, 2020 Declaration (Exhibit 1 attached) are called "end user" searches.  The Sheriff cannot do a programmer search, and it seems Plaintiff now accepts this fact because at page 6 of his Reply, he contends that CCSO can instead request M&M Micro Systems, Inc. to do this search.  However, Plaintiff can do this as well too. The time, effort, and expense for Plaintiff to do this is no greater to Plaintiff than it would be to the Sheriff, except here, the Sheriff is not even a party to this case, so he should not have to bear any more time, effort, and expense doing any more on this case than he already has.

This same issue has arisen very recently in another case pending in this Court, Bush v. Creek County, et al. In Bush, the Sheriff is a named party (unlike in this case where the Sheriff is NOT a named party).  In Bush, the Plaintiff requested of M&M Micro Systems, Inc., that it do a programmer search for certain terms, and the Sheriff in Bush did not object to such request.  So,

M&M Micro Systems, Inc. conducted a programmer search using certain terms and provided the results to the Plaintiff in <u>Bush</u>.  If Plaintiff in this case wants a programmer search done, Plaintiff can ask and pay for M&M Micro Systems, Inc. to do it. The Sheriff should not have to do this.

As for end user searches, again, the Sheriff explained at pages 16-17 of his Response (Doc. 118) that he has already run an "end user" search for incident reports with the names Brenda Sanders, Nicholas Groom, Tamara Jackson, Lela Goatley, Kerri Ferris, and Cheryl Green in them. The Sheriff produced (months ago) those with Brenda Sanders's name in them and there were no incident reports with these other persons' names in them.

**5.      Disciplinary documents on Turn Key.**

Plaintiff alleges, without any support, on page 7 of his Reply that the Sheriff "did….a lackluster search" for disciplinary documents on Turn Key employees, while at the same time stating, later on page 7, that he "understands that CCSO likely does not keep disciplinary file on Turn Key employees."  The Sheriff's efforts to respond to Plaintiff's July 24, 2020 Subpoena Duces Tecum were not lackluster; rather, his efforts were exhaustive and time consuming (as evidenced by the numerous emails attached to the extensive briefing on Plaintiff's Motion to Compel at Doc. 112), and thus expensive (particularly considering he is a non-party).

Plaintiff asks the Court to order the Sheriff to "complete an end user and programmer search" for documented disciplinary actions against Turn Key employees, at page 7 of his Reply. As with inmate grievances, Plaintiff completely ignores the Sheriff's explanation in his Response that SOMS is the inmate management/incident reporting system used at the Creek County Jail-*it does not contain disciplinary documents*.

**6.      Communications between Turn Key and CCSO.**

Topic 5 of Plaintiff's July 24, 2020 Subpoena Duces Tecum asked the Sheriff to produce

"All communications between CCSO (employees & agents) and Turn Key (employee & agents) regarding Brenda Sanders."  The Sheriff stated at page 13 of his Response (Doc. 118) that "the emails between the undersigned and the Sheriff are protected from disclosure by the attorney client privilege."  At page 8 of his Reply, Plaintiff asserts that "CCSO argues….that some communications are privileged" and has not produced a privilege log.  The undersigned is aware of no requirement that a non-party to a lawsuit provide a privilege log to a party.  But even so, communications between an attorney and client are not subject to identification on a privilege log. The Sheriff is not required to provide a privilege log which identifies his communications with his attorney.

**7.    The Sheriff has not obstructed.**

The Sheriff has not obstructed anything in this case and disputes and disagrees with Plaintiff's claim that he has. Requiring a party to issue a subpoena duces tecum versus voluntarily providing documents to a party is not obstructionist.  Declining to allow an inspection of the entire Jail during the COVID19 pandemic is not obstructionist.  Requiring a party to depose a Jail/Sheriff official versus voluntarily presenting them for an informal interview is not obstructionist. Simply asking that Plaintiff follow the Federal Rules of Civil Procedure is not obstructionist.

**CONCLUSION**

In his Reply, Plaintiff asked the Court order the Sheriff to: 1) "find out how inmate complaints were actually stored instead of relying on possibilities;" 2) "find out how emails were actually retained during and around Brenda Sanders (sic) incarceration;" 3) "complete programmer and end-user searches of" certain identified terms; and 4) "complete programmer and end-user searches limited in time from October 2016 through February 2017 of" certain

7

identified terms.

As to requested relief 1 and 2, this is a request that the Sheriff seek out, obtain, and then provide information, as opposed to documentation, which is not what the Plaintiff's July 24, 2020 Subpoena Duces Tecum originally requested.  But even so, the only way the Sheriff can do this is to reach out to his predecessor Sheriff and ask him for information because there is no one presently employed at the Sheriff's Office/Jail who knows the information Plaintiff now contends he wants.  This is not reasonable nor required, particularly of a non-party.  And, Plaintiff is taking the deposition of the former Sheriff and former Jail Administrator on October 30, 2020, so the plaintiff should ask them these questions at that time.

As to requested relief 3 and 4, the Sheriff has done an end user search for Brenda Sanders, Nicholas Groom, Tamara Jackson, Lela Goatley, Kerri Ferris, and Cheryl Green, and has provided Plaintiff with the results of this search.  The Sheriff cannot do a programmer search, and the Plaintiff knows this.  If the Plaintiff wants this search done, he can ask M&M Micro Systems, Inc., to do it, and he can pay for it. The Sheriff should not have to do this.

Plaintiff's Motion to Compel at Doc. 112 should be denied.

Respectfully submitted,

s/ Ambre C. Gooch
Ambre C. Gooch, OBA No. 16586
COLLINS, ZORN, & WAGNER, P.C.
429 N.E. 50th Street, Second Floor
Oklahoma City, OK  73105-1815
Telephone: (405) 524-2070
Facsimile: (405) 524-2078
E-mail: acg@czwlaw.com

ATTORNEY FOR CREEK COUNTY
SHERIFF BRET BOWLING

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 5, 2020, I electronically transmitted this filing to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Charles L. Richardson – via electronic mail at: clr@rrbok.com
Colton L. Richardson – via electronic mail at: colton@rrbok.com
RICHARDSON, RICHARDSON BOUDREAUX, PLLC
7447 S. Lewis Avenue
Tulsa, OK 74136
***Attorneys for Plaintiff***

Sean P. Snider – via electronic mail at: ssnider@johnsonhanan.com
Paulina Thompson – pthompson@johnsonhanan.com
JOHNSON HANAN AND VOSLER
9801 Broadway Avenue
Oklahoma City, OK 73114
***Attorney for Defendant Turn Key Health Clinics, LLC***

s/ Ambre C. Gooch
Ambre C. Gooch

9