IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) PHILIP SANDERS, an Individual and Husband and Next of Kin of BRENDA JEAN SANDERS, deceased,<br><br>Plaintiff,<br><br>vs.<br><br>(1) CREEK COUNTY BOARD OF COUNTY COMMISSIONERS, and (2) SHERIFF BRET BOWLING, in his official capacity as Creek County Sheriff, and (3) TURN KEY HEALTH CLINICS, a limited liability company,<br><br>Defendants. | Case No.: 17-CV-492-JHP-FHM |

**JOINT STATUS REPORT**

**COME NOW**, Plaintiff, Philip Sanders, an Individual and Husband and Next of Kin of Brenda Jean Sanders, deceased, and Defendants, Creek County Board of County Commissioners, Sheriff Bret Bowling, in his official capacity as the Creek County Sheriff, and Turn Key Health Clinics, a limited liability company, and submit the following Joint Status Report:

**JURY DEMANDED:**  ☑ Yes   ☐ No

**I. Summary of Claims:**
This case relates to the incarceration of Decedent Brenda Sanders in the Creek County jail in October 2016. Plaintiff alleges that Decedent died as a result of the jail/medical staff's failure to provide necessary medical care and attention to Decedent during her incarceration at the Creek County Jail. (Dkt. 2). Plaintiff has asserted causes of action under state and federal law against the Defendants in the above-styled case.

    **A.**    **Claims to be Dismissed:**    None (at this time, Defendants' Motions to Dismiss are pending. Plaintiff will amend Complaint in accordance with this Court's instruction, if any).

1



II. **Summary of Defenses:**
   A. **Defendants Board and Bowling:**

Defendants Board and Bowling contend they should be dismissed from this case for the reasons set forth in their Motion to Dismiss filed on November 22, 2017 at Doc. 25. Otherwise, they deny all claims of wrongdoing and law violations alleged against them.

   B.    **Defendant Turn Key Health Clinics, LLC:**

Turn Key denies that it has any responsibility for any harm to decedent Brenda Sanders or that it, or any of its agents/employees, violated the decedent's civil rights in any manner. Turn Key generally and specifically denies each and every material allegation contained in Plaintiff's Second Amended Complaint. Turn Key asserts that Plaintiff/decedent has failed to properly state a claim against it upon which relief may be granted, including for cruel and unusual punishment, negligence, violations of the Oklahoma Constitution, wrongful death, and civil rights violations under 42 U.S.C. § 1983, as well as for punitive damages. Turn Key asserts that it did not breach any legal duty owed to Plaintiff/decedent. Turn Key generally and specifically denies any intentional tortious actions were committed by it or its employees/agents. Turn Key asserts that Plaintiff/decedent's injuries, death, and damages are the result of pre-existing conditions or causes not related to the occurrences alleged in Plaintiff's Second Amended Complaint. Turn Key asserts that conditions created by Plaintiff/decedent are the proximate cause of Plaintiff/decedent's alleged injuries, death, or damages. Turn Key asserts that Plaintiff has failed to set forth any allegations that would create a material issue of fact as to the requisite culpable state of mind of deliberate indifference on behalf of it or its employees/agents. Turn Key asserts that it was not deliberately indifferent to the medical needs of Plaintiff/decedent. Turn Key asserts that an award of punitive damages against it would violate its constitutional rights of due process under the Fourteenth Amendment and its Oklahoma state constitutional counterpart. Turn Key asserts that it, neither individually nor collectively, participated in any violation of Plaintiff/decedent's constitutional rights. Turn Key asserts that Plaintiff/decedent has failed to show any actual injury resulting from the alleged constitutional violations. Turn Key asserts that Plaintiff/decedent's damages, if any, are the fault of third parties over whom Turn Key exercises no control and for whose acts or negligence Turn Key is not responsible. Turn Key asserts that Plaintiff/decedent was contributorily/comparatively negligent to a degree sufficient to bar recovery from any of the Defendants. Turn Key asserts that its actions met or exceeded the applicable standard(s) of care. Turn Key asserts that Plaintiff/decedent failed to mitigate his damages. Turn Key asserts that Plaintiff/decedent's alleged injuries were caused by an intervening/superseding cause for which it is not responsible. Turn Key asserts that it (individually and collectively) did not create, cause, implement or enforce a policy, custom, or practice that was the moving force behind Plaintiff/decedent's alleged injuries. Turn Key asserts that all practices, policies, and customs used by it with regard to Plaintiff/decedent were/are constitutional. Turn Key asserts that medical negligence is insufficient to prove a civil rights violation. Turn Key asserts that it has Qualified Immunity under the Oklahoma Governmental Tort Claims Act. Turn Key reserves the right to assert additional defenses after a ruling is made on its Motion to Dismiss and as discovery continues.

2

    C.    **Defenses to be Abandoned:** None.

**II.**    **Motions Pending:** Defendants Board and Bowling's Motion to Dismiss filed on November 22, 2017 at Doc. 25. Defendant Turn Key's Motion to Dismiss filed on December 1, 2017 at Doc. 26.

**IV.**    **Stipulations:**

    A.    **Jurisdiction Admitted:**    ☑Yes    ☐ No

    B.    **Venue Appropriate:**    ☑Yes    ☐ No

    C.    **Facts:** None.

    D.    **Law:** None.

**V.**    **Proposed Deadlines**

    A.    **Parties to be added by:**

Plaintiff recommends 120 days after ruling on Defendants' Motions to Dismiss.

Defendants object to participating in discovery and to the entry of a Scheduling Order until their Motion to Dismiss has been resolved. In the event that a Scheduling Order is entered, however, Defendants specifically objects to allowing 120 days to add new parties as it is too broad of a time frame, and as Plaintiff has already amended his Complaint twice. Defendants request 30 days after ruling on their Defendants' Motions to Dismiss.

    B.    **Proposed discovery cutoff date:**

Plaintiff recommends no later than 6 months after ruling on Defendants' Motions to Dismiss.

Defendants object to participating in discovery and to the entry of a Scheduling Order until their Motion to Dismiss has been resolved. In the event that a Scheduling Order is entered, however, Defendants Turn Key request at least 180 days to complete discovery, as this matters involves complex medical claims which will require obtaining numerous medical records from non-party medical providers and the retention of several medical expert witnesses.

    C.    **Fact witness lists to be exchanged by:**

3

Plaintiff recommends no later than 2 months after ruling on Defendants' Motions to Dismiss.

Defendants object to discovery and the entry of a Scheduling Order while their Motions to Dismiss are pending. However, in the event a Scheduling Order is entered, Defendants request at least 90 days after the ruling on Defendants' Motions to Dismiss.

D. **Proposed Date for Expert Reports by Plaintiff & Defendant:**

Plaintiff recommends no later than 90 days before trial.

Defendants object to discovery and the entry of a Scheduling Order while their Motion to Dismiss is pending. However, in the event a Scheduling Order is entered, Defendants request that expert disclosures be staggered by at least 30 days. Defendants therefore request:

Plaintiff's Expert Disclosures: 60 days

Defendants' Turn Key's Expert Disclosures: 90 days

VI. **Fed. R. Civ. P. 26(f) Discovery Plan**

A. **Should any changes be made to the timing, form or requirements for disclosures under Rule 26(a)?**

☐ Yes   ☒ No

Defendants Board and Bowling object to participating in discovery and to the entry of a Scheduling Order until their Motion to Dismiss has been resolved.

B. **When were or will initial disclosures under Rule 26(a)(1) be made?**

Plaintiff recommends 14 days from 12/6/17.

Defendants object to discovery and the entry of a Scheduling Order while their Motions to Dismiss are pending. However, in the event a Scheduling Order is entered, Defendants contend 14 days from 12/6/17 is reasonable.

C. **Should discovery be conducted in phases and/or should discovery be limited at this time to the particular subject matters or issues?**

☐ Yes   ☒ No

4

Defendants Board and Bowling object to participating in discovery and to the entry of a Scheduling Order until their Motion to Dismiss has been resolved.

D. **Should any changes be made in the limitations on discovery imposed by the Federal Rules of Civil Procedure or the Court's local rules?**

☐ Yes    ☒ No

Defendants Board and Bowling object to participating in discovery and to the entry of a Scheduling Order until their Motion to Dismiss has been resolved.

E. **Proposed number of fact and expert depositions:**

1. **To be allowed for Plaintiffs?**

Plaintiff states that at least 15 fact witnesses and approximately 3 experts should be deposed.

Defendants object to discovery and the entry of a Scheduling Order while their Motion to Dismiss is pending. However, in the event a Scheduling Order is entered, Defendants request:

To be allowed for Plaintiff: 10 Fact Witnesses

To be allowed for Defendants: 10 Fact Witnesses

The parties should be permitted to depose each and every expert witness endorsed by the parties. Thus, the number of expert depositions should be limited only by the number of experts endorsed by the Parties.

2. **To be allowed for each Defendants?** Defendants Board and Bowling object to participating in discovery and to the entry of a Scheduling Order until their Motion to Dismiss has been resolved.

F. **Is there any need for any other special discovery management orders by the Court?**

☐ Yes    ☒ No

5

Defendants Board and Bowling object to participating in discovery and to the entry of a Scheduling Order until their Motion to Dismiss has been resolved.

VII. **Are Dispositive Motions Anticipated?**

☑ Yes  ☐ No

**If yes, describe them.** Defendants Board and Bowling object to participating in discovery and to the entry of a Scheduling Order until their Motion to Dismiss has been resolved.

Defendants anticipate filing Motions for Summary Judgment.

VIII. **Do All Parties Consent to Trial before the Assigned Magistrate Judge?**
☐ Yes  ☑ No

If yes, please attach completed Trial Consent form and indicate the month and year in which trial by the Magistrate Judge is requested.

_____.

IX. **Is there any matter that should be referred to the assigned Magistrate Judge for final disposition upon partial consent of all the parties pursuant to Local Rule 73.1?**

☐ Yes  ☑ No

X. **Settlement Plan (check one)**

☑ Settlement Conference Requested after:   Discovery Cutoff_____
Describe settlement judge expertise required, if any: Negligence (Medical) & Civil Rights.

☐ Private Mediation Scheduled in _____

☐ Other ADR (Explain)

☐ ADR is not appropriate in this case (Explain)

Has a copy of the Court's ADR booklet been provided to clients as required?

Plaintiff:       ☑ Yes   ☐ No

Defendants:   ☑ Yes   ☐ No

6

| | | | | |
|---|---|---|---|---|
| XI. | | **Does this case warrant special case management?** | ☐ Yes | ☒ No |
| XII. | | **Do the parties request that the Court hold a scheduling conference?** | | |

☐ Yes  ☒ No

If a conference is not requested, or ordered by the Court, the Court will, after receiving this report, issue a scheduling order based on the information contained in this report.

**XIII. Estimated trial time:**

Plaintiff and Defendants Board and Bowling anticipates 4 days of trial.

Defendant Turn Key anticipates 7-10 days of trial based on the amount of witnesses that may be called.

Respectfully submitted,

/s/ *Charles L. Richardson*
Charles L. Richardson, OBA No. 13388
Alisa G. Hopkins, OBA No. 31592
**Richardson Richardson Boudreaux PLLC**
7447 S. Lewis Ave.
Tulsa, OK 74136
(918) 492-7674 Phone
*Attorneys for Plaintiff*


Respectfully submitted,

s/ *Ambre C. Gooch*
Ambre C. Gooch, OBA No. 16586
COLLINS, ZORN, & WAGNER, P.C.
429 N.E. 50th Street, Second Floor
Oklahoma City, OK 73105-1818
Telephone: (405) 524-2070
Facsimile: (405) 524-2078
E-mail: acg@czwlaw.com
ATTORNEY FOR DEFENDANTS CREEK
COUNTY BOARD OF COUNTY
COMMISSIONERS AND SHERIFF BRET
BOWLING

Respectfully submitted,

/s/ Morgan E. Burch
SEAN P. SNIDER, OBA # 22307
ALEXANDRA G. AH LOY, OBA # 31210
MORGAN E. BURCH, OBA # 32404
JOHNSON HANAN AND VOSLER
9801 N. Broadway Extension
Oklahoma City, OK 73114
Telephone: (405) 232-6100
Facsimile: (405) 232-6105
E-Mail: ssnider@johnsonhanan.com
E-Mail: aahloy@johnsonhanan.com
E-Mail: mburch@johnsonhanan.com
*Attorney for Defendants Turn Key Health Clinics, Inc.*