IN THE NORTHERN DISTRICT OF OKLAHOMA
UNITED STATES OF AMERICA

| | |
|---|---|
| PHILIP SANDERS, an Individual and Husband and Next of Kin of BRENDA JEAN SANDERS, Deceased,<br><br>  Plaintiff,<br><br>v.<br><br>TURN KEY HEALTH CLINICS, a limited liability company,<br><br>  Defendant. | Case No. 17-cv-492-JED-CDL<br><br>Attorney Lien Claimed<br>Jury Trial Demanded |

**PLAINTIFF'S SECOND MOTION TO COMPEL SUBPOENA DUCES TECUM FOR INSPECTION ON CREEK COUNTY SHERIFF'S OFFICE AND BRIEF**

COMES NOW Plaintiff Philip Sanders (hereinafter "Plaintiff") respectfully requests that this Court compel third-party Creek County Sheriff's Office (hereinafter "CCSO") to allow inspection, measuring, surveying, photographing, testing, or sampling of Creek County Jail.

**SUMMARY OF RELEVANT FACTS**

1. Brenda Sanders was incarcerated and received deficient or no medical treatment at Creek County Jail in 2016, of which resulted in her death.

2. Plaintiff issued a Subpoena to Permit Inspection of Premises in a Civil Action dated July 6th, 2020, to inspect Creek County Jail, located at 9175 Ridgeview Street, Sapulpa, OK 74066 on July 20, 2020 at 9:30 a.m. (*See* Ex. 1).

3. Plaintiff also sent a letter with the Subpoena stating the Plaintiff will work with both offices (Defense and Creek County) for a mutually agreeable date. (*See* Ex. 2).

4. CCSO refused to allow the inspection to take place because of COVID-19.

5. Plaintiff filed a motion to compel.

6. On December 19, 2020, Magistrate Little granted in part and denied in part Plaintiff's Motion to Compel inspection of Creek County Jail, stating that this inspection should be allowed but not quite yet. (*See* Ex. 3).

7. On December 21, 2020, U.S. District Judge Dowdell entered the Fifth Amended Scheduling Order, with a discovery cutoff date of April 8, 2021 and a Jury Trial scheduled for December 20, 2021. (*See* Ex. 4).

8. On February 18, 2021, Plaintiff served subpoena duces tecum to inspect the Creek County Jail upon CCSO on March 15, 2021, just a few weeks before the discovery deadline, allowing time to accommodate everyone's schedule. (*See* Ex. 5).

9. On February 22, 2021, CCSO reached out to Plaintiff, stating that it will not comply with the subpoena at this time because of COVID-19 and that it would require certain parameters. (*See* Ex. 6).

10. On March 9, 2021, Plaintiff and counsel for CCSO discussed the matters but were unable to come to an agreement as to when the inspection should take place and the parties allowed to inspect.

## ARGUMENTS AND AUTHORITIES

Federal Rules of Civil Procedure provides that the scope of discovery is as follows:

> [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at state in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). Federal Rule 34 goes on to state that, "[a]s provided in rule 45, a nonparty

may be compelled to produce documents and tangible things or to permit an inspection." Fed. R. Civ. P. 34(c). When there is an objection, Federal Rule of Civil Procedure 45 provides that:

> . . . If an objection is made, the following rules apply:
>
> (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
>
> (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

Fed. R. Civ. Pro. 45(d)(2)(B). A third-party must serve a written objection upon the serving party. *Id*. In response to a motion, the Court can modify or quash a subpoena if: (1) fails to allow a reasonable time to comply; (2) requires a person to comply beyond the geographical limits specified in Rule 45(c); (3) requires disclosure of privileged or other protected matter, if no exception or waiver applies; (4) subjects a person to undue burden; (5) requires disclosing a trade secret or other confidential research, development, or commercial information; or (6) requires disclosing unretained experts opinion. Fed. R. Civ. Pro. 45(d)(3).

CCSO's reasons for objection include: (1) COVID-19, and (2) certain precautions should be taken. First, the threat of COVID-19 continues to decline. With the advancements of research and development, including vaccinations and research into medications, vitamins, and precautions to take to prevent COVID-19, an inspection with certain precautions should adequately limit the threat of COVID-19, balanced with the assurances of justice for Plaintiff. However, Plaintiff does not have an issue with an inspection after the discovery cutoff, but would like this to take place at least one month before trial, with the understanding that all pictures and discovery as a result of the inspection can be used as evidence and at trial.

Second, CCSO demands certain precautions. These precautions include:

- Only one representative per party is allowed
- No video or audio recording equipment is allowed
- One person may take photographs, and those photos will be shared with all parties and with Ambre Gooch within 48 hours of the inspection. The photos must be protected by a PO in the case that limits their use and disclosure to this lawsuit only and to counsel for the parties in this case.
- No talking to staff or inmates will be permitted
- No persons will be allowed to be in the photos that are taken
- The only locations that can be "inspected" must be agreed upon in advance by the parties in this case and by my client.

(*See* Ex. 6). Plaintiff can accommodate to some precautions but not all of these. Plaintiff explained that it could agree that: (1) photos taken can be protected by the Protective Order in this case, and (2) no talking with CCSO staff or inmates. Plaintiff further suggested the following:

- No more than two party representatives allowed, instead of one representative per party
- No videos or audio will be taken, but cameras and cellphones that can are allowed, since most of these devices can still take video and audio. Only pictures will be taken.
- No pictures will be taken of CCSO staff or inmates.
- The places that Plaintiff would like to inspect:
    - Booking area
    - Cells in booking area where Sanders was located at any time
    - Hallway to area where ambulance arrived
    - Garage/bay where ambulance loaded Sanders
    - Nursing Office or any offices used by Turn Key

(*See* Ex. 6). CCSO stated that we agree on all except: (1) number of persons per party to attend, (2) the 48-hour request for all photos taken, and (3) date and time of the inspection. (*See* Ex. 6). Plaintiff does not have an issue with supplying all photos taken to all parties within 48 hours.

The only three issues left are: (1) the number of parties to attend; (2) the date and time of the inspection; and (3) requirement of a background check.

Plaintiff requests at least two representatives for each party allowed in attendance for the inspection, while CCSO suggests one. Plaintiff has at least two attorneys working diligently on this case, and Plaintiff would request that both attorneys be present to fully and adequately represent him and his rights.

Moreover, Plaintiff would request that the inspection take place as soon as possible, but Plaintiff does not have an issue as long as the inspection is allowed at least one month before trial. This issue was addressed more above.

Further, with more emails, counsel for CCSO continues to add requirements of allowing individuals in the inspection. Now, CCSO wants a criminal background check for anyone who might inspect the jail. (*See* Ex. 7). Plaintiff suggested only allowing those who are attorneys of record at the inspection. Counsel for CCSO would not agree. All that should be required is that the attorneys who inspect the jail are admitted to this Court. Background checks of attorneys is not necessary and only gives CCSO *another* reason to deny the attorneys of record access.

## **CONCLUSION**

Plaintiff requests that the inspection of the jail where Mrs. Sanders spent the last weeks of her life be allowed before the discovery cutoff, or in the alternative, at least one month before trial, two representatives per party allowed to be present, and that background checks of attorneys of records are not required.

WHEREFORE, Plaintiff respectfully requests to Grant Plaintiff's Motion to Compel and enter an order commanding Creek County Sheriff's Office to comply with the Subpoena.

Dated this 18th day of March, 2021.

Respectfully submitted,

**RICHARDSON RICHARDSON BOUDREAUX**

*/s/ Colton L. Richardson*
Charles L. Richardson, OBA #13388
Colton L. Richardson, OBA #33767
7447 South Lewis Avenue
Tulsa, Oklahoma 74136-6808
(918) 492-7674 *Telephone*
(918) 493-1925 *Facsimile*
***Attorneys for Plaintiff***

## **CERTIFICATE OF SERVICE**

  I hereby certify that on the 18th day of March, 2021, I electronically submitted the attached document to the Clerk of Court using the ECF System for filing:

Austin Young
Johnson Hanan & Vosler
9801 N Broadway Ext
Oklahoma City , OK  73114

Ambre C. Gooch
Collins, Zorn & Wagner, P.C.
429 NE 50th Street, 2nd Floor
Oklahoma City, OK 73105
*Attorney for Creek County Sheriff's Office*

                */s/ Colton L. Richardson*
                For the Firm