## IN THE NORTHERN DISTRICT OF OKLAHOMA
## UNITED STATES OF AMERICA

| | | |
|---|---|---|
| PHILIP SANDERS, an Individual and Husband and Next of Kin of BRENDA JEAN SANDERS, Deceased, | ) ) ) ) ) | |
| Plaintiff, | ) ) | Case No.  17-cv-492-JED-CDL |
| v. | ) ) | |
| TURN KEY HEALTH CLINICS, a limited liability company. | ) ) ) | **Attorney Lien Claimed** **Jury Trial Demanded** |
| Defendant. | ) ) | |

## PLAINTIFF'S THIRD MOTION TO COMPEL DISCOVERY OF TURN KEY HEALTH CLINICS, LLC AND BRIEF IN SUPPORT

COMES NOW Plaintiff Philip Sanders (hereinafter "Plaintiff") and respectfully requests that this Court grant Plaintiff's Third Motion to Compel Discovery from Turn Key Health Clinics, LLC.  Plaintiff provides the following in support:

## SUMMARY OF RELEVANT FACTS

1.      On August 31, 2017, Plaintiff filed suit against Turn Key Health Clinics, LLC (hereinafter "Defendant" or "TK") for Cruel and Unusual Punishment under 42 U.S.C. § 1983, Wrongful Death, Negligence, Intentional Infliction of Emotional Distress, and for Punitive Damages.

2.      On December 11, 2020, Plaintiff received documents responsive to prior discovery requests, including the table of contents of the policies and procedures and a list of documents used within Turn Key. *See* Ex. 1.

3.      On February 2, 2021, Plaintiff sent its tenth set of discovery requests to Defendant

1

requesting documents identified in the table of contents of the policies and procedures. *See* Ex. 2.

4.      On March 10, 2021, Plaintiff received Defendant's responses to Plaintiff's tenth set of discovery requests. *See* Ex. 3.

5.      Defendant states in its discovery responses that its investigation into documents that may be responsive to this request is ongoing, and it will supplement accordingly. *See* Ex. 3.

6.      On May 18, 2021, Plaintiff and Defendant discussed the discovery deficiencies of its supplemental response and production.  In particular, Requests for Production Numbers 48-50, 60-70, and 57.

7.      During the phone conversation on May 18, 2021, Defendant stated it was standing on its objections for the tenth set of discovery request; however, Defendant stated it will revise those responses to clarify that it would not be supplementing its responses with any more documents, since it stated it would supplement.  Defendant was not willing to produce any additional documents.  As of July 14, 2021, Plaintiff has not received supplemental answers.

## **ARGUMENTS AND AUTHORITIES**

Discovery is a procedural matter governed in the federal courts by the Federal Rules of Civil Procedure. *Okla. ex rel. Edmondson v. Tyson Foods, Inc*., No. 05-CV-329-GKF-PJC, 2009 U.S. Dist. LEXIS 133534, at *52 (N.D. Okla. Mar. 13, 2009).  Fed. R. Civ. P. 26(b)(1) describes the scope of discovery as: "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1).  Further, "[r]elevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.*  The scope of discovery is broad as described under Rule 26.

Plaintiff requests that the Court order Defendant to supplement its responses to Plaintiff's

tenth set of discovery.

## I.     All of Defendant's Objections Should Be Waived

Defendant's objections should be waived by the court because they are boilerplate. Courts

have continuously held that boilerplate objections waive the objections while violating the rules.

Defendant's objections to almost every discovery request in Plaintiff's set of requests with:

> Objection.  This Request is irrelevant, vague, ambiguous, overly broad, not
> properly limited in time and scope, unduly burdensome, not proportional to the
> needs of this case, and seeks confidential and private information that is neither
> relevant to the subject matter of the pending action nor reasonably calculated to
> lead to the discovery of admissible evidence.  Subject to and without waiving these
> objections, Defendant states that its investigation into documents that may be
> responsive to this request is ongoing, and it will supplement accordingly.

*See* Ex. 3.  Courts have ruled that "boilerplate objections, without more, equate to no objection."

*Terrell v. IRS (In re Terrell)*, 569 B.R. 881, 887 (Bankr. W.D. Okla. 2017).  General or boilerplate

objections are invalid. *Id*.  Further, objections to discovery must be made with specificity, and the

responding party has the obligation to explain and support its objections. *Samsung Elecs. America,*

*Inc. v. Chung*, 2017 U.S. Dist. LEXIS 31662, 2017 WL 896897 (N.D. Tex. 2017).  Courts looks

with "disfavor on conclusory or boilerplate objections that discovery requests are irrelevant,

immaterial, unduly burdensome, or overly broad." *Waldrop v. Discover Bank (In re Waldrop)*, 560

B.R. 806, 810 (Bankr. W.D. Okla. 2016) (*citing Sonnino v. University of Kansas Hosp. Auth.*, 221

F.R.D. 661, 670 (D. Kan. 2004)).  "'[B]oilerplate objections that include unsubstantiated claims of

undue burden, over breath and lack of relevancy," while producing "no documents and answering

no interrogatories . . . are a paradigm of discovery abuse.'" *Waldrop*, 560 B.R. at 810 (*quoting*

*Jacoby v. Hartford Life & Accident Ins. Co.*, 254 F.R.D. 477, 478 (S.D. N.Y. 2009)).

The Federal Rules of Civil Procedure state:

> For each item or category, the response must either state that inspection and related
> activities will be permitted as requested or **state with specificity the grounds for**

**objecting to the request, including the reasons**.

Fed. R. Civ. P. 34(b)(2)(B) (emphasis added).

Defendant has not stated the grounds in any of its responses to Plaintiff's requests by stating why these requests are, for example, not relevant, vague, ambiguous, overly broad, unduly burdensome, and more. Plaintiff cannot, and will not, speculate and argue in this motion as to each one of these objections, further bogging this Court down. Moreover, one court states that "[t]he amendments to the Federal Rules of Civil Procedure themselves along with cases too numerous to cite here have all declared an ignominious end to the tradition of boilerplate objections." *Smash Tech., LLC v. Smash Sols., LLC*, 335 F.R.D. 438, 441 (D. Utah 2020). Courts continue to disfavor and set aside objections that are boilerplate.

Further, if there are no responsive documents, Defendant's responses do not state that. "It is improper to assert boilerplate objections to discovery requests when there are no documents responsive to the requests." *Dealer Comput. Servs. v. Griffith*, No. 11-2305-JWL, 2012 U.S. Dist. LEXIS 108490, at *3 (D. Kan. Aug. 3, 2012). This forces attorneys and parties to guess as to whether documents have actually been withheld or not.

In this case, Defendant states the same objection on almost every single response to Plaintiff's 10th discovery requests. For this reason, the Court should rule that all boilerplate objections are waived.

## II.    Requests for Production Nos. 48-50.

Plaintiff requested certain New Hire Forms and HR Forms that were listed in the table of contents of the policies and procedures for Defendant. The HR forms include:



4

*See* Ex. 1.  The personnel files for those involved in the treatment of, or lack thereof, Ms. Sanders have been produced; however, there was no documentation of ███████████████████ ██████████████████████████████████

These employees of Turn Key are the individuals who failed to treat Brenda Sanders, and Turn Key is ultimately responsible for their failure to treat Brenda Sanders.  Those involved in Ms. Sanders' lack of treatment were Lela Goatley, Cheryl Green, Tamara Jackson, Nicholas Groom, and Kerri Ferris.  Plaintiff limited this requested from beginning of their employment through the end of 2017, a year after Ms. Sanders passed.  The year after is relevant because Ms. Sanders passed so late in 2016 that there might be ████████████████████████ that may deal with the treatment, or lack thereof, of Ms. Sanders.  The years preceding her death are relevant as to Turn Key's knowledge of employing individuals who fail to treat patients.

Defendant has not stated whether or not responsive documents exist.  Defendant has not stated whether it is withholding any documents.  Defendant has not stated reasonings for its objections.  Defendant has not stated to Plaintiff whether any amendments it would consider in producing documents.  Defendant has stated that its investigation is ongoing, and it will supplement accordingly.  Nothing has been supplemented.

Plaintiff requests that blank forms of these documents and any documents for those employees listed through 2017 are produced.

### III.    Requests for Production Nos. 60-70

Again, Plaintiff requested documents that were mentioned in the Defendant's table of contents of the policies and procedures, that are under the section labeled: "████████████ ████████████████████".  *See* Ex. 1.  Plaintiff requested the forms that have been completed with anything to do with Brenda Sanders and a blank form of the following:



*See* Ex. 1.  Three (3) ███████████ of Brenda Sanders have been produced; however, no blank form was provided.  Further, the other closest document to any of these (besides ████████

█████████) that has been produced has been a sick call request that Brenda Sanders completed, but no log.  Nothing else on this list has been produced.  Less than 20 pages of medical documents were produced from Defendant with regards to the treatment of Brenda Sanders.  Again, Defendant answered every one of these requests for production with the same boilerplate objection as the requests discussed above.  Plaintiff will not go through each objection arguing why it does not apply, especially when Defendant gives no explanation as to objections.

However, Plaintiff will address why these documents are relevant to this case.  First, any document where Brenda Sanders has been mentioned is relevant to this case.  Second, Defendant has continued to argue and/or question in depositions that Brenda Sanders passed because she was an alcoholic and may have been in withdrawal; however, no ████████████████ has been produced, no ████████ have been produced, and no blank forms of these have been produced.

Ms. Sanders' vitals were taken; however, no ██████████████ has been produced.  Nurses testified that she was a chronic care patient; however, no ████████████ has been produced.  Nurse Groom stated that he requested medical documents from another provider;

6

however, no ██████████████████ has been produced.  These documents relate directly to patient care, and Ms. Sanders was a patient in the medical care of Defendant. These are just some examples of why these documents are relevant and discoverable.  Again, any document with Ms. Sanders' name on it or regarding her treatment would be relevant in this case, and blank forms should be produced as well of these documents.

To the extent that Defendant now argues there are no documents responsive, this should not be taken lightly by the Court.  Plaintiff has requested these documents.  Defendant's responses state nothing of the sort that there are no documents available.  Further, this would likely be clear misleading statement, because blank versions of these forms should be available.

Plaintiff requests that this Court order Defendant to produce these documents responsive to Requests for Production Nos. 60-70.

<strong><u>CONCLUSION</u></strong>

WHEREFORE, Plaintiff respectfully requests that this Court grant Plaintiff's Motion to Compel Discovery and order Turn Key to supplement its responses to Plaintiff's tenth set of discovery requests, to include the following blank forms and forms related to Brenda Sanders:



Dated this 29th day of July, 2021.

Respectfully submitted,

**RICHARDSON RICHARDSON BOUDREAUX**

*/s/ Colton L. Richardson*
Charles L. Richardson, OBA #13388
Colton L. Richardson, OBA #33767
7447 South Lewis Avenue
Tulsa, Oklahoma 74136-6808
(918) 492-7674 *Telephone*
(918) 493-1925 *Facsimile*
***Attorneys for Plaintiff***

## CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of July 2021, a true and correct copy of the above and foregoing was electronically transmitted to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing and to all the ECF registrants who have appeared in this case.

*/s/ Colton L. Richardson*
For the Firm

8