IN THE NORTHERN DISTRICT OF OKLAHOMA
UNITED STATES OF AMERICA

| | |
|---|---|
| PHILIP SANDERS, an Individual and Husband and Next of Kin of BRENDA JEAN SANDERS, Deceased,<br><br>Plaintiff,<br><br>v.<br><br>TURN KEY HEALTH CLINICS, a limited liability company.<br><br>Defendant. | Case No.  17-cv-492-JED-FHM<br><br>Attorney Lien Claimed<br>Jury Trial Demanded |

**PLAINTIFF'S FIRST MOTION IN LIMINE REGARDING EXPERT TESTIMONY FOR DEFENDANTS BY ALL NON-RETAINED EXPERTS & BRIEF IN SUPPORT**

COMES NOW Plaintiff Philip Sanders (hereinafter "Plaintiff"), by and through his attorneys of record, and respectfully moves the Court for an order prohibiting Defendants from making any mention of interrogation, directly or indirectly, in any manner whatsoever, concerning any of the matters listed below, without first approaching the Bench and obtaining a ruling of the Court outside the presence and hearing of all prospective jurors and jurors ultimately selected in this cause with regard to any alleged theory of admissibility of such matters.  Plaintiffs contend testimony by Defendant's proposed non-retained expert witnesses, must be excluded from consideration by the jury in this action and that their testimony must be limited.

In this regard, Plaintiffs would show this Court that the matters set out would be inadmissible for any purpose on proper and timely objection. Permitting testimony by Defendant's non-retained experts, comments to jurors or prospective jurors, or offers of documentary evidence concerning these matters through Defendant's non-retained experts would severely prejudice the

1

jury, and the prejudicial effect resulting therefrom cannot be overcome by a sustained objection or curative instruction by the Court, but would rather reinforce the impact of the prejudicial matters on the jurors.

None of the non-retained experts are physicians, and thus, should be prevented from testifying to the following:

- Diagnosis
- Treatment
- Progression of illness
- Effect of medications
- Hospital records
- Medication for treatment
- Cause of death
- Medical opinion

Further, as stated in this motion, these non-retained experts should be prevented from testifying on other grounds as well.

## STANDARD FOR EXPERT WITNESSES & MOTIONS IN LIMINE

It is well settled that the purpose of Daubert v. Merrell-Dowe, 509 U.S. 579 (1993), and its progeny is to empower the trial court to act as a gatekeeper to exclude from jury consideration any expert opinions which are not supported by acceptable methodology. "The trial court must have [discretionary] latitude in deciding how to test an expert's reliability, and to decide whether or when special briefing or other proceedings are needed to investigate reliability....". Kumho Tire Co., Ltd. v. Carmichael, 526 U.S. 137, 152 (1999). The most common method for fulfilling this function is a Daubert hearing. The district court may also satisfy its gatekeeper role when asked to

rule upon a motion in limine, on an objection during trial, or on a post-trial motion so long as the court has sufficient evidence to perform "the task of ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." Daubert, 509 U.S. at 597, 113 S.Ct. 2786.

If technical, scientific or other specialized knowledge will assist the trier of fact in understanding evidence or determine a fact at issue, a witness may serve as an expert by knowledge, skill, experience, training, or education and testify in the form of opinions. *Fed. R. Evid*. 702. Under the *Daubert* standard, in order to testify in accordance with Rule 702 an expert must offer opinions that are scientifically trustworthy or reliable and relevant. *Id.* The Federal Rules impose a special obligation upon a trial judge to "ensure that any and all scientific testimony… is not only relevant, but also reliable." *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 147 (1999) *quoting Daubert*, 509 U.S. at 589 (1993).

### I.   Lela Goatley, APRN-CNP, Should Be Prohibited From Testifying As An Expert In This Case

Lela Goatley, APRN-CNP, was an employee of Defendant at the time that Ms. Sanders was incarcerated. Further, Lela Goatley was one of the nurses of Defendant that was responsible to care for Ms. Sanders. In her deposition, Lela Goatley stated that she is not an expert in any area, she does not consider herself an expert in any area, and she does not intend to give any medical opinions in this case. *See* Deposition of Lela Goatley, p. 23:3-8, attached hereto as Exhibit 1.

```
3    Q.    Do you consider yourself an expert in the area of
4          septic?
5    A.    I'm not an expert in any area.  I practice.
6    Q.    Do you intend to give any medical opinions in this
7          case?
8    A.    No.  I don't know anything about this case.
```

*See* Ex. 1. Lela Goatley testified under oath that she is not an expert and does not intend to give any medical opinions in this case. Further, Lela Goatley testified that she did not review any of the records prior to the date of her deposition:

```
11   Q.    All right.  Have you reviewed any of these records
12         prior to today?
13   A.    No.
```

*See* Ex. 1, p. 66:11-13. Therefore, Lela Goatley's should be prohibited from testifying as to any medical opinion and testifying as an expert. Lela Goatley should only be allowed to testify as to the facts of the case that she has personal knowledge about.

    **II.    Defendant's Non-Retained Experts Should Be Prohibited From Testifying To Causation, Diagnosis, Treating/Treatment, and Giving a Medical Opinion**

In this case, it is anticipated that Defendant's non-retained experts (its own employees) will testify as to causation, diagnosis, treating/treatment, medications, and progression of illnesses. However, these non-retained experts are nurses, not physicians, and should be prevented from doing so. Federal Courts all across the country, including Oklahoma, have ruled that nurses cannot testify to causation or give a medical opinion.

Oklahoma law defines the "practice of medicine and surgery" includes "any offer or attempt . . . to prevent, diagnose, correct, or treat in any manner or by any means, methods . . . .

any disease, illness, pain, wound, facture, infirmity, defect, or abnormal physical or mental condition . . . ." 59 O.S. § 492(C)(3)(a).  The practice of medicine is reserved for physicians, including "diagnose[ing] and/or treat[ing] . . .," and not for nurses. 59 O.S. § 492(A).  Further, Oklahoma law states that the practice of medicine also includes "any offer or attempt to prescribe, order, give, or administer any drug or medicine . . . ." 59 O.S. § 492(C)(2).  Nurses are not legally allowed to determine what drugs a patient may need nor prescribe that medicine.

In this case, Defendant has listed the following of their employees as non-retained experts:

1. Lela Goatley, APRN-CNP[1]
2. Nicholas Groom, LPN
3. Cheryl Green, LPN
4. Tamara Jackson, LPN
5. Kerri Ferris, LPN

*See* Defendant Turn Key Health Clinics, LLC's Expert Witness Disclosures, attached hereto as Exhibit 2.  None of these individuals are physicians.   Because of this, they should be prohibited from testifying to: causation, diagnosis, treating/treatment, and any medical opinion.

Further, Oklahoma law defines "Licensed practical nursing" ("LPN") as the "practice of under the supervision or direction of a registered nurse, licensed physician, or dentist." Their scope of practice includes:

   a. contributing to the assessment of the health status of individuals and groups,
   b. participating in the development and modification of the plan of care,
   c. implementing the appropriate aspects of the plan of care,
   d. delegating such tasks as may safely be performed by others, consistent with educational preparation and that do not conflict with the Oklahoma Nursing Practice Act,
   e. providing safe and effective nursing care rendered directly or indirectly,
   f. participating in the evaluation of responses to interventions,
   g. teaching basic nursing skills and related principles,
   h. performing additional nursing procedures in accordance with knowledge and skills acquired through education beyond nursing preparation, and

---

[1] As mentioned above, Lela Goatley should be prohibited from testifying as an expert because she testified under oath in her deposition she is not an expert in any area and she did not intend to give any medical opinions in this case.

> i. delegating those nursing tasks as defined in the rules of the Board that may be performed by an advanced unlicensed assistive person;

59 O.S. § 567.3a(4). Nothing in the Oklahoma laws defines or states that nurses, especially LPNs, may practice medicine or diagnose; in fact, only physicians can practice medicine or diagnose in Oklahoma. For example, Nicholas Groom, LPN, with Turn Key, testified that LPNs "can't diagnose" and that he does not diagnose. *See* Deposition of Nicholas Groom, p. 7:11-19, attached hereto as Exhibit 3. Cheryl Green testified that she is NOT trained to diagnose any diseases, not authorized to prescribe any medications, not trained to diagnose any conditions of Ms. Sanders, and not trained to treat any conditions of Ms. Sanders. *See* Deposition of Cheryl Green, p. 148:3-23, attached hereto as Exhibit 4. Tamara Davis (or Jackson), LPN, testified under oath that she is "not a doctor" and she "can't diagnosis" the importance of the color of diarrhea. *See* Deposition of Tamara Davis, p. 17:14:22, attached hereto as Exhibit 5. Kerri Ferris testified that she "can't diagnose" because she is "not a physician." *See* Deposition of Kerri Ferris, p. 17:23-18:1, attached hereto as Exhibit 6.

Nurses should only be allowed to testify within the explicit statutory duties. For example, in the Tennessee Eastern District Court, the court provided that a nurse was only permitted to testify within the explicit statutory duties listed in the Tennessee laws. *Donathan v. Orthopaedic & Sports Med. Clinic, PLLC*, No. 4:07-cv-18, 2009 U.S. Dist. LEXIS 99557, at *38 (E.D. Tenn. Oct. 26, 2009), attached hereto as Exhibit 7. This Tennessee court agreed with the parties that a nurse cannot testify as to medical diagnosis or give an opinion regarding the medical cause of a patient's condition.

Further, nurses should be prohibited from testifying as to causation. In Nevada District Court, the court ruled that a nurse could not testify as to causation because she lacked experience

diagnosing and treating such an injury. *Scolaro v. Vons Cos.*, No. 2:17-cv-01979-JAD-VCF, 2020 U.S. Dist. LEXIS 252323, at *1 (D. Nev. Mar. 2, 2020), attached hereto as Exhibit 8. The Kentucky Eastern District Court prevented a nurse from testifying as to causation. *Hamilton v. Pike Cnty.*, No. 11-99-ART, 2012 U.S. Dist. LEXIS 178522, at *14 (E.D. Ky. Dec. 17, 2012), attached hereto as Exhibit 9. The *Hamilton* court reasoned that "nurses generally are not licensed to diagnose patients . . . [and b]ecause nurses do not determine the medical cause of patients' symptoms, they will not have the required expertise to testify about causation." *Id*. at *13. "The majority rule [is] that nursing experts cannot opine as to medical causation and are unable to establish . . . proximate cause." *Vaugn v. Miss. Baptist. Med. Ctr.*, 20 So. 3d 645, 652 (Miss. 20019) (citing cases from Tennessee, Washington, Indiana, Alabama, and the Eastern District of Kentucky), attached hereto as Exhibit 10.

In Defendant's proposed testimony of these LPN "experts", it lists that they will testify to "Adequacy of health care provided to Brenda Sanders at the Creek County Detention Center." LPN "experts" should be prohibited from testifying outside of their training and statutory abilities. The adequacy of care should not go to treatment, diagnosis, causation, or giving a medical opinion.

Further, Defendant states that these LPN "experts" will testify to the "standards of care" and that Turn Key employees "acted appropriately, within the applicable standard of care" in caring for Ms. Sanders. LPNs should only be allowed to testify as to the standards of care of an LPN. They should be prohibited from testifying to standards of care for treatment, diagnosis, or any other responsibilities that they are not legally trained or allowed to do.

## CONCLUSION

For these reasons, Lela Goatley should be prevented from testifying as an expert at all. Further, all other listed non-retained experts by the Defendants that are LPNs should be prohibited from testifying to: (1) causation, (2) diagnosis, (3) medical opinion, (4) treatment, (5) adequacy of treatment, (6) standards of care for medical treatment, and (7) adequacy of care provided to Ms. Sanders. These LPNs should be allowed to testify to the facts of this case and their own training and abilities as an LPN.

WHEREFORE, Plaintiff respectfully requests that this Court grant Plaintiff's Motion In Limine preventing Lela Goatley from testifying as an expert and prevent all other LPNs from testifying consistent with the above.

Dated this 17th day of December, 2021.

Respectfully submitted,

**RICHARDSON RICHARDSON BOUDREAUX**

*/s/ Colton L. Richardson*
Charles L. Richardson, OBA #13388
Colton L. Richardson, OBA #33767
7447 South Lewis Avenue
Tulsa, Oklahoma 74136-6808
(918) 492-7674 *Telephone*
(918) 493-1925 *Facsimile*
***Attorneys for Plaintiff***

## CERTIFICATE OF SERVICE

      I hereby certify that on the 17th day of December, 2021, I electronically submitted the attached document to the Clerk of Court using the ECF System for filing:

Austin Young
Johnson Hanan & Vosler
9801 N Broadway Ext
Oklahoma City, OK  73114

                                                           /s/ Colton L. Richardson
                                                         For the Firm