🅐 Neutral
As of: June 1, 2021 9:09 PM Z

# *Scolaro v. Vons Cos.*

United States District Court for the District of Nevada

March 2, 2020, Decided; March 2, 2020, Filed

Case No.: 2:17-cv-01979-JAD-VCF

**Reporter**
2020 U.S. Dist. LEXIS 252323 *

Francine Scolaro, Plaintiff v. The Vons Companies, Inc., et al., Defendants

**Prior History:** *Scolaro v. Vons Cos., 2019 U.S. Dist. LEXIS 94900, 2019 WL 2375121 (D. Nev., June 5, 2019)*

## Core Terms

causation, shoulder injury, principles, reliable, scientific, defendants', injuries, patients, tear, nurse practitioner, motion in limine, rotator-cuff, orthopedist, tests, pain, expert testimony, evidentiary, gatekeeping, unqualified, unreliable, diagnoses, treating, trained

**Counsel:** [*1] For Vons Companies Inc., Defendant: Jack P. Burden, ATTORNEY TO BE NOTICED, Backus Carranza, Las Vegas, NV; Xiao Wen Jin, LEAD ATTORNEY, Backus Carranza, Las Vegas, NV.

For Francine Scolaro, Plaintiff: Rusty Graf, LEAD ATTORNEY, Black & Lobello, Las Vegas, NV; Steven J Mack, LEAD ATTORNEY, Black & LoBello, Las Vegas, NV.

**Judges:** Jennifer A. Dorsey, United States District Judge.

**Opinion by:** Jennifer A. Dorsey

## Opinion

**Order Granting Motion in Limine to Exclude Causation Opinion Re: Shoulder Injury**

[ECF No. 44]

I previously deferred my ruling on the defendants' motion in limine to preclude Nurse Practitioner Kimberly Ann Phillips from testifying about the cause of Scolaro's left rotator-cuff tear pending an evidentiary hearing.[1] After holding that hearing and receiving additional briefing on whether Phillips is qualified to give a causation opinion under the principles outlined in *Federal Rule of Evidence 702* and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*,[2] I grant the defendants' motion in limine because Phillips did not rely on any scientific principles or methods to form her causation opinion and lacks experience diagnosing and treating shoulder injuries.

### Discussion

In my previous order, I explained that Phillips's opinion that Scolaro's fall [*2] caused her shoulder injury by "a reasonable degree of certainty" is expert-like testimony that must satisfy *Rule 702*'s requirements.[3] *Rule 702*, as modified in light of *Daubert*, provides that "[a] witness

---

[1] ECF No. 56 (order).

[2] *Fed. R. Evid. 702*; see *Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 113 S. Ct. 2786, 125 L. Ed. 2d 469 (1993)*.

[3] See *Fed. R. Evid. 702*; ECF No. 32-10 at 2.

EXHIBIT 8

Colton Richardson

who is qualified as an expert . . . may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case."[4] When determining the admissibility of such evidence in advance of trial, the court undertakes a "gatekeeping" function to ensure that the jury's consideration of evidence is not contaminated by irrelevant or scientifically unsupported testimony.[5] The court enjoys broad discretion over the discharge of this gatekeeping authority, "not only . . . in determining whether an expert's testimony is reliable, but also in deciding how to determine the testimony's reliability."[6] Phillips's causation opinion fails the *Daubert* test for two reasons: she [*3] is unqualified to make that conclusion, and her opinion is unreliable.

Phillips is unqualified to opine about the cause of Scolaro's shoulder injury. An expert is deemed qualified to testify about an opinion if the opinion is based on the expert's "knowledge, skill, experience, training, or education."[7] Phillips testified that she is a licensed nurse practitioner who works "mainly in the realm of pain management" for spinal injuries.[8] She has never worked with an orthopedist or been trained by one.[9] And, because an orthopedist has expertise with injuries in the extremities (like rotator cuff tears), it's her practice to refer patients to one when they present with those injuries.[10] Phillips neither diagnoses, repairs, nor treats patients with those kinds of injuries. She only manages their pain symptoms after surgery.[11] And, in her fifteen-year career, she has had "maybe one or two" patients present with a rotator-cuff tear, Scolaro being one of them.[12] Based on this testimony, I find that Phillips lacks the experience with rotator-cuff tears to provide a reliable causation opinion.

Even more troubling are the holes in Phillips's testimony that make [*4] it unreliable. *Rule 702*'s "overarching subject is the scientific validity and thus the evidentiary relevance and reliability—of the principles that underlie a proposed submission."[13] "The focus, of course, must be solely on principles and methodology, not on the conclusions that they generate."[14] Plaintiff failed to establish that Phillips used scientific methods to form her causation opinion. She testified that she only includes causation opinions in the notes for her patients when they've been referred by an attorney and have an on-going personal-injury case.[15] Both of the diagnostic tests she used on Scolaro in her initial visit had negative results for a shoulder injury, indicating that Scolaro did not have a shoulder injury in the months following the accident, and Phillips did not repeat those tests or conduct other tests when Scolaro presented with shoulder pain a year and a half later.[16] Phillips did not consult literature or an orthopedist, or read the operative reports before forming her opinion.[17] Her entire basis for concluding that Scolaro's fall caused the injury was Scolaro's representation that "there had been no other injury involved."[18] Because Phillips's causation testimony does not [*5] even approach any of the standards under *Rule 702* or *Daubert* for expert testimony, I grant the defendants' motion to strike.

## Conclusion

Accordingly, IT IS HEREBY ORDERED that defendants'

---

[4] *Fed. R. Evid. 702*; see e.g., *Daubert, 509 U.S. 579, 113 S. Ct. 2786, 125 L. Ed. 2d 469 (1993)*.

[5] See *United States v. Alatorre, 222 F.3d 1098, 1100-03 (9th Cir. 2000)*.

[6] *Elsayed Mukhtar v. California State Univ., Hayward, 299 F.3d 1053, 1064 (9th Cir. 2002)*, amended on other grounds by *319 F.3d 1073 (9th Cir. 2003)*.

[7] *Fed. R. Evid. 702*.

[8] ECF No. 64-1 at 10.

[9] *Id.* at 4-5.

[10] *Id.* at 5, 12.

[11] *Id.* at 12-13.

[12] *Id.* at 13.

[13] *Daubert, 509 U.S. at 594-95*.

[14] *Id.*

[15] ECF No. 64-1 at 16-17.

[16] *Id.* at 6, 14-15.

[17] *Id.* at 7-8, 15.

[18] *Id.* at 9.

motion in limine **[ECF No. 44] is GRANTED**. Nurse Practitioner Phillips is precluded from providing testimony about the cause of Scolaro's shoulder injury at trial.

Dated: March 2, 2020

/s/ Jennifer A. Dorsey

U.S. District Judge Jennifer A. Dorsey

---

**End of Document**

Colton Richardson