IN THE NORTHERN DISTRICT OF OKLAHOMA
UNITED STATES OF AMERICA

| | |
|---|---|
| PHILIP SANDERS, an Individual and Husband and Next of Kin of BRENDA JEAN SANDERS, Deceased,<br><br>Plaintiff,<br><br>v.<br><br>TURN KEY HEALTH CLINICS, a limited liability company.<br><br>Defendant. | Case No. 17-cv-492-JED-FHM<br><br>**Attorney Lien Claimed**<br>**Jury Trial Demanded** |

## PLAINTIFF'S SECOND MOTION IN LIMINE & BRIEF IN SUPPORT

COMES NOW Plaintiff Philip Sanders (hereinafter "Plaintiff"), by and through his attorneys of record, and respectfully moves the Court for an order prohibiting Defendants from making any mention of interrogation, directly or indirectly, in any manner whatsoever, concerning any of the matters listed below, without first approaching the Bench and obtaining a ruling of the Court outside the presence and hearing of all prospective jurors and jurors ultimately selected in this cause with regard to any alleged theory of admissibility of such matters.

## STANDARD FOR MOTIONS IN LIMINE AND ARGUMENT

"The purpose of a motion *in limine* is to allow the Court to decide evidentiary issues in advance of trial to avoid delay and ensure an evenhanded and expeditious trial." *Hellard v. Mid Century Ins. Co.*, No. 19-CV-00043-GKF-CDL, 2021 U.S. Dist. LEXIS 40189, at *3 (N.D. Okla. Feb. 11, 2021) (citing *Dry Clean Super Ctr., Inc. V. Kwik Indus., Inc.*, No. 08-CV-00578-WJM-CBS, 2012 U.S. Dist. LEXIS 18582, 2012 WL 503510, at *4 (D. Colo. Feb. 15, 2012)). the in

1

limine exclusion of evidence should be reserved for those instances when the evidence plainly is "inadmissible on all potential grounds." *Allen v. Magic Media, Inc.*, No. 09-4139-SAC, 2011 U.S. Dist. LEXIS 26752, at *5 (D. Kan. Mar. 15, 2011) (citing *Townsend v. Benya*, 287 F.Supp.2d 868, 872 (N.D.Ill. 2003)).

Federal Rules of Evidence provide that most relevant evidence is admissible and irrelevant evidence is not admissible at trial. Fed. R. Evid. 402. Federal Rule of Evidence 403 states:

> The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

Fed. R. Evid. 403. There are certain matters that this Court should rule on that are not relevant or should be excluded because the probative value is substantially outweighed by unfair prejudice, confusing the issues, misleading the jury, undue delay, and wasting time.

**I.  All criminal history and arrest history of those testifying and Ms. Sanders should be excluded.**

Ms. Sanders' criminal history and prior arrest history is not relevant to this case. This case is based on Defendant's lack of medical treatment for Ms. Sanders while she was incarcerated. There is no reason why her criminal history or prior arrest history would be relevant to this action.

Further, as Ms. Sanders has passed from the lack of treatment by Defendant, she will not be a testifying witness at trial. For that reason, her criminal convictions are not admissible either.

Moreover, this Court should not allow criminal and arrest history of others to come into evidence at trial where the Federal Rules of Evidence clearly prohibit. Fed R. Evid. 609. First, only certain convictions are admissible; no arrests or other interactions with law enforcement officers are admissible. Second, the only criminal convictions that are admissible include:

(1) any felony conviction in which less than 10 years has passed since conviction

>  or release from confinement, so long as its probative value, supported by specific facts and circumstance, substantially outweighs its prejudicial effect, and with proper notice;
>
>  (2) any misdemeanor which includes a dishonest act or false statement, in which less than 10 years have passed since conviction or release from confinement, so long as its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect, and with proper notice.

Fed R. Evid. 609. However, the criminal history still has to be more probative than prejducial.

Defendant should be prohibited from mentioning, referring to, interrogating about, or attempting to convey to the jury in any matter, either directly or indirectly, anything regarding Ms. Sanders' criminal history and arrest history, and anyone else who testifies.

## II. Ms. Brenda Sanders' alcohol consumption leading up to the arrest should be excluded.

Plaintiff anticipates Defendant to introduce evidence of Ms. Brenda Sanders' alcohol consumption the day of or close to the day of the arrest and intake at the jail. This should be excluded from evidence because it is more prejudicial than probative and will mislead and confuse jurors.

Further, on the intake completed by Creek County Sheriff's Office of Ms. Sanders, officers noted that they did not see any visible sight of alcohol or drug withdrawal. *See* Exhibit 1, line 6. Moreover, Defendant's nurse completed a medical intake, noting that Ms. Sanders' appearance was unremarkable, her behavior was appropriate, she was alert, her breathing was unremarkable, and ease of movement was unremarkable. *See* Exhibit 2. Also, the medical intake was completed on October 18, 2016, and nurses for Defendant noted that Ms. Sanders stated the last time she used alcohol was October 11, 2016. *See* Ex. 2. There is no evidence that she was intoxicated or having

withdrawals, and implying or suggesting this would be prejudicial to the Plaintiff. Thus, Defendant should be prohibited from doing so.

### III. The fact that Ms. Brenda Sanders was living with another woman should be excluded.

Plaintiff anticipates that Defendant may attempt to introduce evidence or testimony that Ms. Sanders had previously lived with another woman. This evidence and/or testimony would be much more prejudicial than probative in this case. As this case is based upon the lack of medical treatment given to Ms. Sanders from Defendant, this fact has nothing to do with this case and has no relevance whatsoever. Thus, Defendant should be prohibited from implying, suggesting, inferring, asking, or any other statements referring to the fact that Ms. Sanders was living with or may have lived with another woman before.

### IV. The fact that Ms. Brenda Sanders and Philip Sanders were separated prior to the time of the events of this case.

Plaintiff anticipates that Defendant may attempt to introduce evidence or testimony that Ms. Sanders and Mr. Sanders were separated prior to the time of the facts in this case. This evidence and/or testimony would be much more prejudicial than probative in this case. As this case is based upon the lack of medical treatment given to Ms. Sanders from Defendant, this fact has nothing to do with this case and has no relevance whatsoever. Thus, Defendant should be prohibited from implying, suggesting, inferring, asking, or any other statements referring to the fact that Ms. Sanders and Mr. Sanders were separated at that time.

### V. Prior drug use by Sanders.

Nurse Nicholas Groom, employee of Turn Key, testified that he has heard that the individuals in the Sanders' family use drugs. This is not relevant to any issues in the case, and it is hearsay. This information should be excluded from evidence and testimony at trial.

## CONCLUSION

WHEREFORE, Plaintiff respectfully requests that this Court grant Plaintiff's Motion In Limine preventing Defendant from mentioning, referring to, interrogating about, or attempting to convey to the jury in any matter, either directly or indirectly, anything regarding the facts discussed above.

Dated this 17th day of December, 2021.

Respectfully submitted,

**RICHARDSON RICHARDSON BOUDREAUX**

*/s/ Colton L. Richardson*
Charles L. Richardson, OBA #13388
Colton L. Richardson, OBA #33767
7447 South Lewis Avenue
Tulsa, Oklahoma 74136-6808
(918) 492-7674 *Telephone*
(918) 493-1925 *Facsimile*
***Attorneys for Plaintiff***

## CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of December, 2021, I electronically submitted the attached document to the Clerk of Court using the ECF System for filing:

Austin Young
Johnson Hanan & Vosler
9801 N Broadway Ext
Oklahoma City, OK  73114

*/s/ Colton L. Richardson*
For the Firm