IN THE NORTHERN DISTRICT OF OKLAHOMA
UNITED STATES OF AMERICA

PHILIP SANDERS, an Individual and )
Husband and Next of Kin of )
BRENDA JEAN SANDERS, )
Deceased, )
                                  )
                                  )     Case No.  17-cv-492-JED-FHM
       Plaintiff, )
                                  )
v. )
                                  )     **Attorney Lien Claimed**
TURN KEY HEALTH CLINICS, a )     **Jury Trial Demanded**
limited liability company. )
       Defendant.

## PLAINTIFF'S THIRD MOTION IN LIMINE REGARDING EXPERT TESTIMONY FOR DEFENDANTS BY KIMBERLY PEARSON & BRIEF IN SUPPORT

COMES NOW Plaintiff Philip Sanders (hereinafter "Plaintiff"), by and through his attorneys of record, and respectfully moves the Court for an order prohibiting Defendants from making any mention of interrogation, directly or indirectly, in any manner whatsoever, concerning any of the matters listed below, without first approaching the Bench and obtaining a ruling of the Court outside the presence and hearing of all prospective jurors and jurors ultimately selected in this cause with regard to any alleged theory of admissibility of such matters. Plaintiffs contend the possible areas of testimony by Defendant's proposed expert witness, Kimberly Pearson, must be excluded from consideration by the jury in this action and that his testimony must be limited.

In this regard, Plaintiffs would show this Court that the matters set out would be inadmissible for any purpose on proper and timely objection. Permitting testimony by Pearson, comments to jurors or prospective jurors, or offers of documentary evidence concerning these matters through Kimberly Pearson would severely prejudice the jury, and the prejudicial effect

1

resulting therefrom cannot be overcome by a sustained objection or curative instruction by the Court, but would rather reinforce the impact of the prejudicial matters on the jurors.

Kimberly Pearson is not a physician, and thus, should be prevented from testifying about causation, giving a medical opinion, diagnosis, treatment and/or testifying how individuals with sepsis can deteriorate rapidly.

## **STANDARD FOR EXPERT WITNESSES & MOTIONS IN LIMINE**

It is well settled that the purpose of Daubert v. Merrell-Dowe, 509 U.S. 579 (1993), and its progeny is to empower the trial court to act as a gatekeeper to exclude from jury consideration any expert opinions which are not supported by acceptable methodology. "The trial court must have [discretionary] latitude in deciding how to test an expert's reliability, and to decide whether or when special briefing or other proceedings are needed to investigate reliability....". Kumho Tire Co., Ltd. v. Carmichael, 526 U.S. 137, 152 (1999). The most common method for fulfilling this function is a Daubert hearing. The district court may also satisfy its gatekeeper role when asked to rule upon a motion in limine, on an objection during trial, or on a post-trial motion so long as the court has sufficient evidence to perform "the task of ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." Daubert, 509 U.S. at 597, 113 S.Ct. 2786.

If technical, scientific or other specialized knowledge will assist the trier of fact in understanding evidence or determine a fact at issue, a witness may serve as an expert by knowledge, skill, experience, training, or education and testify in the form of opinions. *Fed. R. Evid*. 702. Under the *Daubert* standard, in order to testify in accordance with Rule 702 an expert must offer opinions that are scientifically trustworthy or reliable and relevant. *Id.* The Federal Rules impose a special obligation upon a trial judge to "ensure that any and all scientific

testimony… is not only relevant, but also <u>reliable</u>." *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 147 (1999) *quoting Daubert*, 509 U.S. at 589 (1993).

In this case, it is anticipated that Kimberly Pearson will testify as to her medical opinion, causation, diagnosis, treatment and/or testifying as to sudden onset of a condition. However, she is a nurse, not a physician, and should be prevented from doing so. Federal Courts all across the country have ruled that nurses cannot testify to causation or give a medical opinion that includes treatment, diagnosis and disease process.

Oklahoma law defines the "practice of medicine and surgery" includes "any offer or attempt to . . . prevent, diagnose, correct, or treat in any many or by any means . . . ." 59 O.S. § 492(C)(3)(a). The practice of medicine is reserved for physicians, including "diagnose[ing] and/or treat[ing] . . . ." 59 O.S. § 492(A). Further, Oklahoma law defines "registered nursing" as the "practice of the full scope of nursing which includes, but is not limited to:

    a. assessing the health status of individuals, families and groups,
    b. analyzing assessment data to determine nursing care needs,
    c. establishing goals to meet identified health care needs,
    d. planning a strategy of care,
    e. establishing priorities of nursing intervention to implement the strategy of care,
    f. implementing the strategy of care,
    g. delegating such tasks as may safely be performed by others, consistent with educational preparation and that do not conflict with the provisions of the Oklahoma Nursing Practice Act,
    h. providing safe and effective nursing care rendered directly or indirectly,
    i. evaluating responses to interventions,
    j. teaching the principles and practice of nursing,
    k. managing and supervising the practice of nursing,
    l. collaborating with other health professionals in the management of health care,
    m. performing additional nursing functions in accordance with knowledge and skills acquired beyond basic nursing preparation, and
    n. delegating those nursing tasks as defined in the rules of the Board that may be performed by an advanced unlicensed assistive person;

59 O.S. § 567.3a(3). Nothing in the Oklahoma laws defines or states that nurses may practice medicine or diagnose; in fact, only physicians can do so in Oklahoma.

In the Tennessee Eastern District Court, the court provided that a nurse was only permitted to testify within the explicit statutory duties listed in the Tennessee laws. *Donathan v. Orthopaedic & Sports Med. Clinic, PLLC*, No. 4:07-cv-18, 2009 U.S. Dist. LEXIS 99557, at *38 (E.D. Tenn. Oct. 26, 2009). This court agreed with the parties that a nurse cannot testify as to medical diagnosis or give an opinion regarding the medical cause of a patient's condition.

In Nevada District Court, the court ruled that a nurse could not testify as to causation because she lacked experience diagnosing and treating such an injury. *Scolaro v. Vons Cos.*, No. 2:17-cv-01979-JAD-VCF, 2020 U.S. Dist. LEXIS 252323, at *1 (D. Nev. Mar. 2, 2020). The Kentucky Eastern District Court prevented a nurse from testifying as to causation. *Hamilton v. Pike Cnty.*, No. 11-99-ART, 2012 U.S. Dist. LEXIS 178522, at *14 (E.D. Ky. Dec. 17, 2012). This *Hamilton* Court reasoned that "nurses generally are not licensed to diagnose patients . . . [and b]ecause nurses do not determine the medical cause of patients' symptoms, they will not have the required expertise to testify about causation." *Id*. at *13. "The majority rule [is] that nursing experts cannot opine as to medical causation and are unable to establish . . . proximate cause." *Vaugn v. Miss. Baptist. Med. Ctr.*, 20 So. 3d 645, 652 (Miss. 20019) (citing cases from Tennessee, Washington, Indiana, Alabama, and the Eastern District of Kentucky).

In this case, Kimberly Pearson is a nurse and not a physician, and thus cannot testify as to causation. Her CV identifies her as "MHA, MBA, RN, CCHP." *See* Kimberly Pearson's CV, attached hereto as Exhibit 1. She has a diploma in nursing, but she does not have any physician experience or training. *See* Ex. 1. Further, she even states in her expert report that "[w]hile I am not a physician . . . ." *See* Kimberly Pearson's Expert Report, attached hereto as Exhibit 2, p. 24. Because of this, Kimberly Pearson should be prevented from testifying as to causation and giving any medical opinion.

Further, one of Kimberly Pearson's opinions is: "Based upon my actual nursing experience in Critical Care and Critical Care Flight Nursing, patients can and do deteriorate rapidly with sepsis." *See* Ex. 2, p. 24.  Kimberly Pearson even states in her report that, "Dr. Lawrence [Plaintiff's expert], as a physician, should be able to more adequately explain the pathophysiology of sepsis moving to severe sepsis which then advances to septic shock." *See* Ex. 2, p. 24.  Kimberly Pearson impliedly admits that she does not know the best way to explain the pathophysiology of sepsis moving to severe sepsis.  Kimberly Pearson relies on her experience that it is a **possibility** that patients can deteriorate rapidly with sepsis, while admitting that Plaintiff's expert, Dr. Lawrence, is in a much better position to testify as to a medical opinion, causation, and that there was "sudden onset".

## **CONCLUSION**

For these reasons, Kimberly Pearson should be prevented from testifying to: (1) medical opinion; (2) causation; (3) "sudden onset" of sepsis; (4) diagnosis; (5) disease; (6) disease process; (7) impact of treatment; (8) treatment alternatives; and (9) medical opinions.

WHEREFORE, Plaintiff respectfully requests that this Court grant Plaintiff's Motion In Limine preventing Kimberly Pearson from testifying as to causation, medical opinion, her opinion as to the progression of sepsis, and consistent with this Motion.

Dated this 17th day of December, 2021.

Respectfully submitted,

**RICHARDSON RICHARDSON BOUDREAUX**


*/s/ Colton L. Richardson*
Charles L. Richardson, OBA #13388
Colton L. Richardson, OBA #33767
7447 South Lewis Avenue
Tulsa, Oklahoma 74136-6808
(918) 492-7674 *Telephone*
(918) 493-1925 *Facsimile*
**Attorneys for Plaintiff**

## CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of December, 2021, I electronically submitted the attached document to the Clerk of Court using the ECF System for filing:

Austin Young
Johnson Hanan & Vosler
9801 N Broadway Ext
Oklahoma City, OK  73114

*/s/ Colton L. Richardson*
For the Firm