IN THE NORTHERN DISTRICT OF OKLAHOMA
UNITED STATES OF AMERICA

| | |
|---|---|
| PHILIP SANDERS, an Individual and Husband and Next of Kin of BRENDA JEAN SANDERS, Deceased,<br><br>Plaintiff,<br><br>v.<br><br>TURN KEY HEALTH CLINICS, a limited liability company.<br><br>Defendant. | Case No. 17-cv-492-JED-FHM<br><br>**Attorney Lien Claimed**<br>**Jury Trial Demanded** |

## PLAINTIFF'S FOURTH MOTION IN LIMINE REGARDING EXPERT TESTIMONY FOR DEFENDANTS BY ALEX JOHN, M.D. & BRIEF IN SUPPORT

COMES NOW Plaintiff Philip Sanders (hereinafter "Plaintiff"), by and through his attorneys of record, and respectfully moves the Court for an order prohibiting Defendants from making any mention of interrogation, directly or indirectly, in any manner whatsoever, concerning any of the matters listed below, without first approaching the Bench and obtaining a ruling of the Court outside the presence and hearing of all prospective jurors and jurors ultimately selected in this cause with regard to any alleged theory of admissibility of such matters. Plaintiffs contend the possible areas of testimony by Defendant's proposed expert witness, Alex John, must be excluded from consideration by the jury in this action and that his testimony must be limited.

In this regard, Plaintiffs would show this Court that the matters set out would be inadmissible for any purpose on proper and timely objection. Permitting testimony by Dr. John, comments to jurors or prospective jurors, or offers of documentary evidence concerning these matters through Dr. John would severely prejudice the jury, and the prejudicial effect resulting

1

therefrom cannot be overcome by a sustained objection or curative instruction by the Court, but would rather reinforce the impact of the prejudicial matters on the jurors.

Dr. Alex John should be prohibited from testifying as to the adequacy or inadequacy of Mrs. Sanders' treatment or lack there of. Dr. Alex John does not have experience in diagnosis of a patient in a treatment facility nor in determining the appropriate treatment for a diagnosis, especially that of which would qualify him to testify as an expert.

## STANDARD FOR EXPERT WITNESSES & MOTIONS IN LIMINE

It is well settled that the purpose of Daubert v. Merrell-Dowe, 509 U.S. 579 (1993), and its progeny is to empower the trial court to act as a gatekeeper to exclude from jury consideration any expert opinions which are not supported by acceptable methodology. "The trial court must have [discretionary] latitude in deciding how to test an expert's reliability, and to decide whether or when special briefing or other proceedings are needed to investigate reliability....". Kumho Tire Co., Ltd. v. Carmichael, 526 U.S. 137, 152 (1999). The most common method for fulfilling this function is a Daubert hearing. The district court may also satisfy its gatekeeper role when asked to rule upon a motion in limine, on an objection during trial, or on a post-trial motion so long as the court has sufficient evidence to perform "the task of ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." Daubert, 509 U.S. at 597, 113 S.Ct. 2786.

If technical, scientific or other specialized knowledge will assist the trier of fact in understanding evidence or determine a fact at issue, a witness may serve as an expert by knowledge, skill, experience, training, or education and testify in the form of opinions. *Fed. R. Evid*. 702. Under the *Daubert* standard, in order to testify in accordance with Rule 702 an expert must offer opinions that are scientifically trustworthy or reliable and relevant. *Id.* The Federal

Rules impose a special obligation upon a trial judge to "ensure that any and all scientific testimony… is not only relevant, but also <u>reliable</u>." *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 147 (1999) *quoting Daubert*, 509 U.S. at 589 (1993).

In this case, it is anticipated that Dr. Alex John will testify as to the adequacy or inadequacy of Mrs. Sanders' treatment. However, Dr. John does not have any experience in treatment nor diagnosing Ms. Sanders' conditions.

In his deposition, Dr. John stated that he does not determine the treatment that a patient will receive. *See* Deposition of Dr. Alex John, attached hereto as Exhibit 1, p. 15-16. Further, Dr. John stated the following:

- He has never treated anyone for any of the conditions that Ms. Sanders presented at the hospital
- He has never treated anyone like Ms. Sanders consistent with the treatment that she was receiving from her primary care physician and from the Indian health medical center
- His job is to assist treating physicians in determining a diagnosis, not to determine what treatment would be appropriate

*See* Ex. 1, p. 19, 20. Dr. John should only be allowed to testify as to the findings of the physicians at the hospital and his opinions as to potential diagnosis concerning Mrs. Sanders; Dr. John should be prohibited from testifying as to the adequacy of Mrs. Sanders' treatment, at the jail and at the hospital, and diagnosis based on symptoms of Ms. Sanders. Because Dr. John has no experience in treating patients nor diagnosis in a clinical setting, this information would only serve to confuse and mislead the jury. For these reasons, Plaintiff requests that Dr. John be prohibited from testifying as to the adequacy of Mrs. Sanders' treatment, failure to diagnose, the outcome if

treatment would have been provided, or lack there of, by Defendant. Dr. John should only be allowed to testify as to the potential diagnosis.

## CONCLUSION

WHEREFORE, Plaintiff respectfully requests that this Court grant Plaintiff's Motion In Limine preventing Dr. Alex John from testifying as to the treatment, or lack there of, of Mrs. Brenda Sanders.

Dated this 17th day of December, 2021.

Respectfully submitted,

**RICHARDSON RICHARDSON BOUDREAUX**

*/s/ Colton L. Richardson*
Charles L. Richardson, OBA #13388
Colton L. Richardson, OBA #33767
7447 South Lewis Avenue
Tulsa, Oklahoma 74136-6808
(918) 492-7674 *Telephone*
(918) 493-1925 *Facsimile*
**Attorneys for Plaintiff**

## CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of December, 2021, I electronically submitted the attached document to the Clerk of Court using the ECF System for filing:

Austin Young
Johnson Hanan & Vosler
9801 N Broadway Ext
Oklahoma City, OK  73114

*/s/ Colton L. Richardson*
For the Firm