IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| PHILIP SANDERS, an Individual and Husband and Next of Kin of BRENDA JEAN SANDERS, Deceased, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 17-cv-492-JED-CDL |
| TURN KEY HEALTH CLINICS, a limited liability company, | ) ) ) ) | Attorney Lien Claimed Jury Trial Demanded |
| Defendant. | ) | |

## DEFENDANT TURN KEY HEALTH CLINICS, LLC'S
## NOTICE OF SUPPLEMENTAL AUTHORITY

COMES NOW Defendant Turn Key Health Clinics, LLC (hereinafter "Defendant"), and respectfully notifies this Court of supplemental authority, *Martinez v. Sequoyah Cty. Crim. Justice Auth., et al.*, No. CIV-21-84-TDD (E.D. Okla.), the formal opinion attached hereto as Exhibit 1, that is dispositive of and/or pertinent to certain legal issues in Defendant Turn Key's Motion for Summary Judgment, filed herein on December 17, 2021. See Doc. 194, pp. 17-20.

On January 3, 2022, the United States District Court for the Eastern District of Oklahoma, in *Martinez*, issued an Order finding that:

> A § 1983 action is a personal suit; "[i]t does not accrue to a relative." *Dohaish v. Tooley*, 670 F.2d 934, 936 (10th Cir. 1982). The federal remedy applied in a § 1983 case arising out of a person's death is a "survival action, brought by the estate of the deceased victim" because "liability is 'to the

party injured.'" *Berry v. City of Muskogee*, 900 F.2d 1489, 1506-07 (10th Cir. 1990) (quoting 42 U.S.C. § 1983).

Therefore, the only plaintiff who may bring a § 1983 claim in this matter is Francisca Martinez, in her capacity as personal representative of Mr. Sawney's estate. The Court finds that Ms. Martinez, in her individual capacity, Josiah J. Sawney, Angelo Sawney, Frankie Sawney, and Logan Sawney lack standing to bring the § 1983 claims of these plaintiffs are, therefore, dismissed.

The Court will proceed to analyze the § 1983 claims brought by Francisca Martinez, **in her capacity as personal representative** of Mr. Sawney's estate.

*Martinez v. Sequoyah Cty. Crim. Justice Auth., et al.*, No. CIV-21-84-TDD, Order at 6 (E.D. Okla. filed Jan. 3, 2022) (emphasis added).

Defendant submits that this statement by the United States District Court for the Eastern District of Oklahoma is crucially persuasive and pertinent to the issue of whether Philip Sanders has standing to sue on behalf of the deceased, because it further supports the growing precedent that only a plaintiff established by court order as personal representative of the estate of the deceased possesses the standing required to bring a lawsuit seeking redressability for injuries inflicted upon the deceased in § 1983 claims.

WHEREFORE, Defendant prays that its Motion for Summary Judgment be granted, as the arguments contained therein align with a growing and consistent precedent that plaintiffs lacking personal representative status lack standing to bring § 1983 claims on behalf of an estate for injuries to the deceased.

Respectfully submitted,

*/s/ Austin Young*
SEAN P. SNIDER, OBA # 22307
AUSTIN J. YOUNG, OBA # 32684
JOHNSON HANAN AND VOSLER
9801 N. Broadway Extension
Oklahoma City, OK 73114
Telephone: (405) 232-6100
Facsimile: (405) 232-6105
E-Mail: ssnider@johnsonhanan.com
E-Mail: ayoung@johnsonhanan.com
*Attorneys for Defendants Turn Key Health Clinics, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on **January 11, 2022** a true and correct copy of the above and foregoing was electronically transmitted to the Clerk of this Court using the ECF System for filing and transmittal of a Notice of Electronic Filing and to all ECF registrants who have appeared in this case.

*/s/ Austin Young*
Austin J. Young