IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PHILIP SANDERS, an Individual, Husband, and Next of Kin of BRENDA JEAN SANDERS, deceased,<br><br>    Plaintiff,<br><br>v.<br><br>TURN KEY HEALTH CLINICS, a limited liability company,<br><br>    Defendant. | Case No.: 17-CV-492-TS-CDL |

**DEFENDANT TURN KEY HEALTH CLINICS, LLC'S MOTION AND BRIEF IN SUPPORT OF APPLICATION FOR BILL OF COSTS**

COMES NOW Defendant Turn Key Health Clinics, LLC ("Defendant" or "Turn Key"), in support of its Bill of Costs against Plaintiffs, as the prevailing party in the above-referenced action. Defendant asserts that it is entitled to be awarded costs pursuant to Federal Rules of Civil Procedure 54(d) and 28 U.S.C § 1920. Defendant respectfully requests that the Court enter an order granting its Bill of Costs, filed contemporaneously herewith.

  **I. Procedural Summary**

In this deliberate indifference and medical negligence action, Plaintiff alleged that Turn Key was deliberately indifferent to Decedent's medical needs in violation of the Fourteenth Amendment of the U.S. Constitution. Dkt No. 4. This matter was filed on August 31, 2017, in the U.S. District Court for the Northern District of Oklahoma. Dkt. No. 2. On December 17, 2021, Defendant Turn Key filed a Rule 56 Motion for Summary Judgement. Dkt. No. 194. On January 4, 2022, Plaintiff and Defendant filed a Joint Motion to Extend Time to Respond to Dispositive Motions and Motions in Limine [Dkt. No. 197], granted by the Court on January 6, 2022. Dkt. No. 198. Plaintiff filed a Motion for Leave to File Oversized Brief [Dkt. No. 200] and

a Motion to Seal Document *Exhibits for Response to Motion for Summary Judgement* on January 20, 2022 [Dkt. No. 201], which the Court granted on January 25, 2022. Dkt. Nos. 207 and 208. On January 21, 2022, Plaintiff filed a Response in Opposition to Defendant's Motion for Summary Judgment. Dkt. No. 204. On January 28, 2022, Plaintiff filed an Unopposed Motion to Amend Response to Defendant's Motion for Summary Judgment [Dkt. No. 209], which was granted on January 31, 2022. Dkt. No. 210. Plaintiff filed an Amended Response to Defendant's Motion for Summary Judgment on February 2, 2022. Dkt. No. 211. On February 4, 2022, Defendant filed a Reply to Plaintiff's Response to Defendant's Motion for Summary Judgment. Dkt. No. 213. On February 10, 2022, the Parties filed a Joint Motion to Suspend the Scheduling Order. Dkt. No. 214. The Court struck the scheduling order on February 10, 2022, to be reset upon the Court's ruling on summary judgment. Dkt. No. 215. On June 7, 2022, this case was reassigned to District Judge Ted Stewart. Dkt No. 216.

On March 22, 2023, the Court granted Turn Key's Motion for Summary Judgment [Dkt. No. 223], and entered judgment on behalf of Defendant against Plaintiff. Dkt. No. 225. Defendant Turn Key is the prevailing party in this action and is entitled to costs in accordance with Rule 54 of the Federal Rules of Civil Procedure in the amount of $9,786.01, as set forth on the Bill of Costs and attachments thereto.

### II. Arguments and Authorities

    **a. Federal Rule of Civil Procedure 54 creates a presumption that the district court will award the prevailing party its costs.**

The Tenth Circuit has held that "Rule 54 creates a presumption that the district court will award the prevailing party costs." *Rodriguez v. Whiting Farms, Inc.*, 360 F.3d. 1180, 1190 (10th Cir. 2004) (citing *Cantrell v. Int'l Bhd. Of Elec. Workers*, 69 F.3d 456, 458–59 (10th Cir. 2000).

"Thus the established rule is that costs are generally awarded to the prevailing party." *Id.*; *see also Zeran v. Diamond Broad, Inc.,* 2013 F.2d 1165, 1167–68 (10th Cir. 2000); *AeroTech, Inc. v. Estes*, 110 F.3d 1523, 1527 (10th Cir. 1997); *Klein v. Grynberg*, 44 F.3d 1497, 1506–07 (10th Cir. 1995); *Serna v. Manzano*, 616 F.2d 1165, 1167–68 (10th Cir. 1980). "The burden in on the non-prevailing party to overcome this presumption." *Rodriguez*, 360 F.3d at 1190; *see also Cantrell*, 69 F.3d at 458–59.

It is within the court's "sound discretion" whether or not to award the prevailing party its costs; however, when a court exercises its discretion to deny costs to a prevailing party, "it must provide a valid reason for the denial." *Rodriguez*, 360 F.3d at 1190 (quoting *Homestake Mining Co. v. Mid-Continent Exploration Co*, 282 F.2d 787, 804 (10th Cir. 1960). Of particular note in *Rodriguez*, the district court concluded both that the case presented a close and difficult question and that the plaintiffs were indigent, but neither of those findings provided a sufficient reason to deny costs to the prevailing party. *Id.* at 1190–91. To deny a prevailing party costs would be essentially a "severe penalty," so "there must be some apparent reason to penalize the prevailing party if costs are to be denied." *Klein*, 44 F.3d at 1507.

    b. **Defendant Turn Key is the "prevailing party."**

Rule 54 of the Federal Rules of Civil procedure provides in part "costs other than attorney fees shall be allowed to the prevailing party." Rule 54(d)(1). As the Supreme Court has explained:

> The Court has said that the "touchstone of the prevailing party inquiry must be the material altercation of the legal relationship of the parties." This change must be marked by "judicial *imprimatur*."

*CRST Van Expedited, Inc. v. E.E.O.C.*, 578 U.S. 419, 422 (2016) (internal citations omitted). The Court further explained that when a party secures an "enforceable judgemen[t] on the merits" or

3

a "court-ordered consent decre[e]," that party has prevailed because they have received a "judicially sanctioned change in the legal relationships of the parties." *Id.* (quoting *Buckhannon Bd. & Care Home Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 604–05 (2001)).

Defendant Turn Key is the prevailing party in this matter as the Order and Judgment entered on March 24, 2023, and March 29, 2023, respectively, materially altered the legal relationship between Plaintiff and Defendant Turn Key to the latter's benefit because Turn Key prevailed at summary judgment on the merits. Therefore, it cannot be disputed that Defendant Turn Key is entitled to costs under Rule 54 as the prevailing party.

### c. As the Prevailing Party, Turn Key is entitled to costs under 28 U.S.C. § 1920.

Pursuant to 28 U.S.C. § 1920, Defendant is entitled to costs as prevailing party. The granting of the Bill of Costs is governed by the Federal Rule of Civil Procedure 54(d)(1) which provides, in pertinent part:

> Except when express provision thereof is made either in a statute of the United States or in these rules, costs other than attorney's fees shall be allowed as of course to the prevailing party unless the court otherwise directs . . . .

Here, summary judgment was entered in favor of Turn Key on all federal claims made against it by Plaintiff. Dkt. Nos. 223 and 225. As such, Defendant is the prevailing party and is entitled to its costs. The type of items that may be recovered as costs by the prevailing party are set forth in 28 U.S.C. § 1920. Those costs include: fees of the clerk and marshal; fees for printed or electronically recorded transcripts necessarily obtained for use in making copies of any materials where copies are necessarily obtained for use in the case; docket fees under 28 U.S.C. § 1923; and compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828. *See* 28 U.S.C. § 1920(1)–(6). Each is addressed, in turn, below:

### 1. Fees of the clerk and marshal:

The prevailing party is entitled to costs of fees of the clerk and marshal pursuant to 28 U.S.C. § 1920(1). As the prevailing party, Defendant Turn Key seeks to recover in this case the amount of $130. "The cost of service of subpoena is statutorily recoverable as fees of the marshal." *See Treaster v. Healthsouth Corp.*, 505 F. Supp. 2d 898, 903 (D. Kan. 2007); *Burton v. R.J. Reynolds Tobacco Co.*, 395 F. Supp. 2d 1065, 1078 (D. Kan. 2005). Generally, fees to private process servers are "taxable up to the amount that would have been incurred if the U.S. Marshal's office had effected service. *Id.* The cost of service by the marshal is $65.00 per hour for each item served. 28 C.F.R. § 0.114. Defendant Turn Key used a private process server to serve subpoenas on witnesses Alice Bruner and Heather Sanders with a total cost of $164.00, which if reduced to the amount incurred had the marshals effected service, entitles Defendant to the amount of $130.00.

### 2. Fees for printed or electronically recorded transcripts necessarily obtained for use in this case.

Defendant seeks to recover the amount of $6,960.91 for the costs of deposition and hearing transcripts taken by the parties in this matter. Exhibit 1, attached to the Bill of Costs, itemizes the transcripts and costs for which Defendant seeks recovery. The itemization includes the name of each witness deposed, the day of each deposition or hearing was taken, and the amount sought or cost for each deposition or hearing. *See also*, Exhibit 2, Invoices; and Exhibit 3, Affidavit of Anthony C. Winter. The deponents were: Plaintiff, Philip Sanders; Heather Sanders; Alice Faye Bruner; Philip Sanders, Jr.; Stephanie Ashford Sanders; LaTonya Jean McDaniel; Cheryl Green, LPN; Nicholas Groom, LPN; Bailey Small; Lindsey Foster; Classica Godwin; Cody Smith; Tamara Davis; Kerri Ferris; Kelly Birch; John Davis; Susan Lawrence,

MD; Kimberly Pearson, RN; and William Cooper, DO. A transcript was ordered for the pre-trial hearing held on November 18, 2020. Turn Key asserts that transcripts of these depositions and hearing were necessarily obtained for use in the case and Turn Key is entitled to recover the costs of the same.

The Tenth Circuit has held that the costs of taking depositions are set withing the scope of 28 U.S.C. § 1920 where the depositions are reasonably necessary for the litigation. *Ramos v. Lamb*, 713 F.2d 546, 560 (10th Cir. 1983) (overruled on other grounds by *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 483 U.S. 711, 725 (1987). The Tenth Circuit further explained in *In re Williams Sec. Litig.-WCG Subclass*:

> If "materials or services are reasonably necessary for use in the case," even if they are ultimately not used to dispose of the matter, the district court "can find necessity ad ward the recovery of costs." Thus, we will not penalize a party who happens to prevail on a dispositive motion by not awarding costs associated with that portion of discovery which had no bearing on the dispositive motion, but which appeared otherwise necessary at the time it was taken for proper preparation of the case.

558 F.3d 1144, 1148 (10th Cir. 2009) (internal citations omitted).

Thus, the Tenth Circuit ruled that a prevailing defendant is entitled to recovery of deposition costs even if such deposition transcripts are not actually used in filing for summary judgement. In rejecting the plaintiff's argument that Section 1920 provide the award costs only for depositions the district court actually used in deciding summary judgment or designated for trial, the Tenth Circuit held:

> [A]ll § 1920 requires is that the generation of taxable materials be "reasonably necessary for use" in the case "at the time the expenses were incurred." Any "rule that permits costs only for depositions received in evidence or used by the court in ruling upon on a motion for summary judgement is narrower than [S]ection 1920." The Plaintiffs' understanding of the costs statute is thus surely flawed.

*Id.* at 1149 (internal citations omitted).

6

The depositions designated in the Defendant's Bill of Costs in the present case were used in the preparation of the Defendant's Motion for Summary Judgement [Dkt. No. 194], as well as its subsequent Reply Brief [Dkt. No. 213] in support of the same, even if not quoted directly or cited. Thus, Defendant respectfully requests that it be awarded costs of deposition transcripts in the amount of $6,960.91.

> **3. Fees and disbursements for printing and witnesses and fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case.**

Pursuant to 28 U.S.C. § 1920, certain costs of a witness whose attendance is necessary in court are taxable. There are three categories of taxable witness costs that are taxable under Section 1821: (1) an attendance fee for a necessary appearance; (2) travel and transportation costs; and (3) a subsistence allowance pursuant to the rates set by the Administrator of General Services. *See* 28 U.S.C. § 1821(b)–(d).

A witness shall be paid an attendance fee of $40 per day for each day's attendance." 28 U. S.C. § 1821(b). The Defendant paid the witness costs of two necessary witnesses: Heather G. Sanders and Alice Faye Bruner. Ms. Sanders and Ms. Bruner were both deposed on October 25, 2019. Dr. Susan Lawrence appeared for a deposition on December 1, 2020. The Defendant paid witness fees of $140 for Ms. Sanders and $165 for Ms. Bruner. Pursuant to Section 1821(b), Defendant seeks to recover the reduced witness fee rate of $40 per day for each witness, totaling $80.

Additionally, Defendant seeks to recover the amount of $7.636.90 for the costs incurred to dispose Plaintiff's expert, Dr. Susan Lawrence, M.D. Defendant had to pay the expert's rate of $500 per hour to take Dr. Lawrence's deposition. Deposing Dr. Lawrence took five (5) hours costing a total of $2,500. Defendant relied on upon the deposition testimony of Dr. Susan

Lawrence in preparation of the Defendant's Motion for Summary Judgement [Dkt. No. 194], as well as its subsequent Reply Brief [Dkt. No. 213]. Accordingly, Defendant is entitled to recover the costs of the same.

Defendant seeks to recover the amount of $115.01 for copying costs of obtaining necessary records for use in this case. Exhibit 1 attached to the Bill of Costs itemizes and Exhibit 2 provides an invoice for obtaining copies of Plaintiff's medical records from St John Medical Center and EMSA via ChartFast. Defendant asserts that these records were necessarily obtained for used in the case and that Defendant is entitled to recover the costs of the same.

As the Tenth Circuit explained:

> We have specifically noted that the burden of justifying copy costs is not "a high one." A prevailing party need not "justify each copy it makes. All a prevailing party must do to recoup copy costs is to demonstrate to the district that, under the particular circumstances, the copies were "reasonably necessary for use in the case."

*In re Williams*, 558 F.3d at 1149.

### 4. Docket fees under Section 1923 of this title:

None incurred by Defendant.

### 5. Compensation of court appointed experts, compensation of interpreters, and salaries, fees expenses, and costs of special interpretation services under Section 1828 of this title:

None incurred by Defendant.

## CONCLUSION

Federal Rule of Civil Procedure 54 establishes a presumption that the prevailing party shall be awarded costs. Defendant Turn Key is the prevailing party in this litigation because it was awarded summary judgement against the plaintiff. As the prevailing party, Rule 54 entitles Turn Key to recovery of those costs specified by 28 U.S.C. § 1920.

WHEREFORE, for all of the reasons set forth herein, Defendant Turn Key Health Clinics, LLC, prays that its costs in the amount of $9,786.01, as set forth in its Bill of Costs filed contemporaneously with this Application, be awarded to them as the prevailing party pursuant to 28 U.S.C. § 1920–29.

Respectfully submitted,

*/s/ Anthony C. Winter*

SEAN P. SNIDER, OBA # 22307
ANTHONY C. WINTER, OBA # 32148
JOHNSON HANAN VOSLER
HAWTHORNE & SNIDER
9801 N. Broadway Extension
Oklahoma City, OK 73114
Telephone: (405) 232-6100
Facsimile: (405) 232-6105
E-Mail: ssnider@johnsonhanan.com
E-Mail: awinter@johnsonhanan.com
*Attorneys for Defendant Turn Key Health Clinics, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 12th day of April, 2023, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing:

*/s/ Anthony C. Winter*

Anthony C. Winter

9