IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PHILIP SANDERS, an Individual, Husband, and Personal Representative of the Estate of Brenda Sanders, Deceased,<br><br>Plaintiff,<br><br>v.<br><br>TURN KEY HEALTH CLINICS, a limited liability company,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER ON DEFENDANT'S MOTION FOR REVIEW OF TAXATION OF COSTS<br><br>Case No. 4:17-CV-492 TS-CDL<br><br>District Judge Ted Stewart[1] |

This matter is before the Court on Plaintiff's Motion for Review of Taxation of Costs. For the reasons discussed below, the Court will deny the Motion and uphold the Clerk's Order.

I. BACKGROUND

On March 22, 2023, the Court granted Defendant Turn Key Health Clinic's Motion for Summary Judgment. Of Plaintiff Philip Saunders' four claims against Defendant, the Court dismissed the single federal question claim with prejudice and dismissed the remaining state-law claims without prejudice, declining to exercise supplemental jurisdiction.[2] Judgment was entered in favor of Defendant on March 29, 2023. Thereafter, Defendant sought costs in the amount of $9,786.01. On June 14, 2023, the Clerk awarded Defendant $6,846.76. The Clerk found that Defendant was the prevailing party and the effect of Plaintiff's alleged indigency was better reserved for judicial determination. Plaintiff now seeks review of the Clerk's decision and asks

---

[1] Sitting by special designation for the Northern District of Oklahoma.

[2] Docket No. 223, at 17.

the Court to find that (1) Defendant was not the prevailing party; (2) Plaintiff is indigent and unable pay; and (3) certain deposition costs awarded are not taxable.

## II.  STANDARD OF REVIEW

Federal Rule of Civil Procedure 54(d) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Rule 54(d) further allows the Court to review the action of the Clerk, who evaluates a request for costs in the first instance. Whether a prevailing party shall be awarded costs is "within the court's sound discretion."[3] Nevertheless, "Rule 54 creates a presumption that the district court will award costs to the prevailing party."[4] "The burden is on the non-prevailing party to overcome this presumption."[5] Moreover, "[w]hen a district court exercises its discretion and denies costs to a prevailing party, it must provide a valid reason for the denial."[6]

28 U.S.C. § 1920 "enumerates expenses that a federal court may tax as a cost under the discretionary authority found in Rule 54(d)."[7] "Taxable costs are limited to relatively minor, incidental expenses"[8] and are "a fraction of the nontaxable expenses borne by litigants for

---

[3] *Homestake Mining Co. v. Mid–Continent Exploration Co.,* 282 F.2d 787, 804 (10th Cir. 1960) (citation omitted).

[4] *Cantrell v. Int'l Bhd. of Elec. Workers,* 69 F.3d 456, 458–59 (10th Cir. 1995) (citation omitted).

[5] *Rodriguez v. Whiting Farms, Inc.*, 360 F.3d 1180, 1190 (10th Cir. 2004) (citing *Cantrell*, 69 F.3d at 459).

[6] *Id.*

[7] *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441–42 (1987).

[8] *Taniguchi v. Kan Pac. Saipan, Ltd.*, 566 U.S. 560, 573 (2012).

attorneys, experts, consultants, and investigators."⁹ "A prevailing party bears the burden of establishing the amount of costs to which it is entitled."¹⁰ The Court reviews the Clerk's taxation of costs de novo.¹¹

## II. DISCUSSION

### A. PREVAILING PARTY

"[A] plaintiff 'prevails' when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff."¹² Typically, "the litigant in whose favor judgment is rendered is the prevailing party for purposes of Rule 54(d)[1]."¹³ Here, judgment was rendered in favor of Defendant, however Plaintiff argues that Defendant is not a prevailing party because "there are still state law claims that this Court determined would be best determined by a state court" and, therefore, the legal relationship between the parties has not changed.¹⁴ Plaintiff cites to numerous cases in support of this assertion.

The Tenth Circuit's opinion in *Burton v. Vectrus Systems Corporation*,¹⁵ is instructive here. In *Burton*, the district court dismissed all the plaintiffs' claims without prejudice upon granting the defendants' 12(b)(6) motion to dismiss for failure to exhaust administrative

---

⁹ *Id.*

¹⁰ *In re Williams Sec. Litig.–WCG Subclass*, 558 F.3d 1144, 1148 (10th Cir. 2009).

¹¹ *Hansen v. Sea Ray Boats, Inc.*, 160 F.R.D. 166, 167 (D. Utah 1995).

¹² *Farrar v. Hobby,* 506 U.S. 103, 111–12 (1992).

¹³ *Barber v. T.D. Williamson, Inc.*, 254 F.3d 1223, 1234 (10th Cir.2001) (quoting Wright & Miller, *Federal Practice & Procedure*, § 2667).

¹⁴ Docket No. 228, at 2–3.

¹⁵ 834 Fed. Appx. 444 (10th Cir. 2020).

remedies and declining to exercise supplemental jurisdiction over the remaining state-law claims. Subsequently, the clerk awarded the defendants costs finding they were the prevailing party. The district court affirmed the clerk's award. On appeal, the Tenth Circuit plainly rejected the plaintiffs' argument that the defendants were not the prevailing party because the dismissal was not with prejudice.[16] In so doing, the court relied on its decision in *Cantrell v. International Brotherhood of Electrical Workers Local 2021*,[17] wherein the court held "that a defendant is a prevailing party under Rule 54 when, in circumstances not involving settlement, the plaintiff dismisses its case against the defendant, whether the dismissal is with or without prejudice."[18] In comparing the circumstances in *Burton* to those in *Cantrell,* the court "fail[ed] to see how a defendant is a prevailing party under *Cantrell* when a plaintiff voluntarily dismisses an action without prejudice, but a defendant who successfully litigates a motion to dismiss under Rule 12(b)(6) and obtains a dismissal without prejudice and a final judgment in its favor is not."[19]

Here, upon its motion for summary judgment, Defendant obtained dismissal with prejudice as to one count and dismissal without prejudice as to three counts. Considering the Tenth Circuit's finding in *Burton*, the Court cannot find that Defendant is not the prevailing party because some of Plaintiff's claims were dismissed without prejudice. The Court therefore concludes that Defendant is the prevailing party.

---

[16] *Id.* at 447.
[17] 69 F.3d 456 (10th Cir. 1995).
[18] *Id. at* 456.
[19] *Burton*, 834 F. App'x at 446.

B. PLAINTIFF'S INDIGENCY

The indigent status of a non-prevailing party has been recognized by courts as a circumstance in which a district court may properly exercise its discretion under Rule 54(d) to deny costs to a prevailing party.[20] However, the Tenth Circuit has made clear that, because "the denial of costs is in the nature of a severe penalty . . . there must be some apparent reason to penalize the prevailing party if costs are to be denied."[21] Accordingly, district courts in this Circuit routinely award costs despite indigency claims where the party claiming indigency has not provided a basis on which the court could conclude that the prevailing party should be subjected to some penalty.[22]

Plaintiff has not argued or alleged any basis on which the Court should be inclined to penalize Defendant. The Court is also unaware of any such basis. Therefore, regardless of whether Plaintiff has sufficiently proven their indigency, the Court will not deny Defendant costs

---

[20] *Rodriguez v. Whiting Farms, Inc.*, 360 F.3d 1180, 1190 (10th Cir. 2004)

[21] *Id.*

[22] *See id.* at 1190–91 (finding district court's award of fees was not an abuse of discretion where the non-prevailing party did not "offer[] any reason why [the prevailing party] should be penalized in th[e] case"); *see also Treaster v. HealthSouth Corp.,* 505 F. Supp. 2d 898, 906 (D. Kan. 2007) ("[D]espite plaintiff's dire financial circumstances and the fact that plaintiff prosecuted his case against defendant . . . in good faith, the court does not believe that defendant . . . should be denied his costs because the Tenth Circuit has repeatedly stated that the denial of costs is in the nature of a severe penalty and that there must be some apparent reason to penalize the prevailing party if costs are to be denied."); *James v. Frank's Westates Servs., Inc.*, No. 2:07-CV-00937-CW, 2011 WL 5403421, at *2 (D. Utah Nov. 4, 2011) ("[E]ven were this court to find Plaintiffs indigent, Plaintiffs have offered no reason to penalize Defendants by denying costs.").

as Plaintiff has failed to present any allegations providing a reason for which Defendant should be subject to penalty.

## C. DEPOSITION EXPENSES

Plaintiff next takes issue with the Clerk's award of costs associated with certain depositions. In support, Plaintiff points to the United States District Court for the Northern District of Oklahoma's published Guidelines for Taxation of Costs, which states that costs associated with "depositions utilized by the court to determine summary judgment are allowed."[23] Plaintiff argues that, because this Court "only cited and used one deposition to determine summary judgment," and Defendant did not rely on a majority of their taken depositions in their Motion for Summary Judgment, costs associated with the remaining depositions are not allowed.

Plaintiff's interpretation of Oklahoma's published guidelines is not in line with the controlling precedent on costs associated with deposition expenses. As argued by Defendant, the Tenth Circuit has specifically rejected the "exceedingly narrow view" that "a district court may only award costs for depositions the district court actually used in deciding summary judgment," finding that such interpretation is "narrower than section 1920" and, therefore, "surely flawed."[24] Instead, "all [section] 1920 requires is that the generation of taxable materials be 'reasonably necessary for use in' the case 'at the time the expense were incurred.'"[25]

---

[23] Docket No. 231, at 5.

[24] *In re Williams Sec. Litig.*, 558 F.3d at 1149.

[25] *Id.* (citing *Callicrate v. Farmland Indus., Inc.*, 139 F.3d 1336, 1340 (10th Cir. 1998)).

6

Defendant seeks costs for expenses related to the depositions of 18 individuals. The Clerk disallowed transcript costs for two of the depositions as "not necessarily needed at the time taken" and also disallowed a $2,500 expert witness fee.[26] The remaining deposition costs were allowed. Plaintiff's Motion does not argue that the costs awarded were not "reasonably necessary" for use in the case at the time the expenses were incurred. The Court has carefully reviewed the record and finds that the Clerk's award of costs associated with Defendant's deposition expenses is reasonable. Based on each of the above findings, the Court will uphold the Clerk's award of costs.

## IV.  CONCLUSION

It is therefore

ORDERED that Plaintiff's Motion for Review of Taxation of Costs (Docket No. 231) is DENIED.  The Clerk's Order (Docket No. 230) taxing costs in favor of Defendant and against Plaintiff in the amount of $6,846.76 is upheld.

DATED this 4th day of October  2023.

BY THE COURT:

_____
Ted Stewart
United States District Judge

---

[26] Docket No. 230.